## *Ex Parte* GIBSON.

Commitment to State Prison.—A commitment to the State Prison on conviction and sentence for a felony, should consist of a certified copy of the judgment as entered in the minutes of the Court.

Idem.—A commitment to the State Prison which does not contain a certified copy of the judgment as entered in the minutes of the Court, but which consists only of a history of the proceedings against the prisoner, is not merely defective, but is wholly unknown to the laws of this State.

WHEN PRISONER WILL BE REMANDED.—If it appears on habeas corpus that the commitment to the State Prison under which the prisoner is held, is void, and if it further appears that there is a valid judgment of imprisonment against the petitioner, rendered by a competent Court of criminal jurisdiction, of which a certified copy can be obtained, the Court or Judge will order the prisoner to be retained until a certified copy of the judgment has been obtained, or until a reasonable time has been allowed for that purpose, and then, if obtained, remand him.

ERRORS REACHED BY HABEAS CORPUS.—A prisoner, committed on final process, will not be discharged on habeas corpus, by reason of defects in the judgment, unless the judgment is absolutely void. Mere errors, however flagrant, which only render a judgment voidable, cannot be inquired into under this writ.

VOIDABLE JUDGMENT.—An error which will render a judgment in a criminal case voidable, only, is the want of adherence to some prescribed rule or mode of proceeding in conducting the action or defense.

VOID JUDGMENTS.— An illegality which renders a judgment in a criminal case void, is such an illegality as is contrary to the principles of law as distinguished from rules of procedure.

JUDGMENT IN CRIMINAL CASE.—An entry of a judgment, in a criminal case, in the minutes of the Court, ought to show that all the acts required by the statute to be done up to that stage of the case have been performed.

IDEM.—While all these things ought to appear in the judgment, it does not follow that the omission of some or any of them will render the judgment void.

WHEN JUDGMENT NOT VOID.—If it appear in the judgment entered in the minutes of the Court, in a criminal case, that the Court had jurisdiction of the subject matter and the person of the defendant, the judgment is not void, however erroneous it may be, unless it is so uncertain in its terms as to be void on that ground.

IDEM.—A judgment entered in the minutes of the Court, in a criminal case, is not void on the ground of not stating the offense of which the prisoner was convicted, if it shows that he was indicted for some offense, and tried and convicted, and that the sentence passed on him was one which the Court had jurisdiction to pronounce for some offense of which he might have been convicted under the indictment.

THE prisoner applied to Mr. Justice SANDERSON, at chambers, to be discharged on habeas corpus.

The other facts are stated in the opinion.

*S. S. Holl*, for Petitioner.

*J. G. McCullough, Attorney-General*, against the discharge.

Per Sanderson, J.:

The petitioner is held in custody by the Warden of the State Prison, and claims his discharge upon the ground that the process—if such it may be called—under which he is held is defective in matter of substance required by law, and therefore void.

In his return to the writ the Warden sets out a verbatim copy of the document under which he holds the petitioner. It is in these words:

" State of California,     ⎱ ss.
          County of Calaveras, ⎰

" *To the Sheriff of Calaveras County:* At the February term of the Sixteenth District Court, in and for the County of Calaveras aforesaid, held at Mokelumne Hill, in said county, on the 11th day of February, 1862, W. H. Badgley, District Judge, William P. Gibson was brought before said Court, charged with the crime of murder by an indictment found by the Grand Jury of Amador County, California, May 23, 1860, alleged to have been committed on the 6th day of March, A. D. 1860, and the said William P. Gibson having been tried by a jury and a verdict rendered of guilty against the said William P. Gibson, and the Court having rendered the following judgment upon the 14th day of February, 1862, to wit: ' That the said William P. Gibson be taken by the Sheriff of Calaveras County to the State Prison for the State of California, and be there confined for the period of fifteen years from the date of your conviction ;'

" Therefore the people of the State of California command you to carry the said William P. Gibson to the State Prison of the State of California, the keeper whereof is hereby required to keep him in safe custody until the judgment so rendered be satisfied or he be discharged by due course of law.

" Witness my hand and the seal of said Court, at my office,

in the Town of Mokelumne Hill, this 14th day of February, 1862.

"G. F. Wesson, Clerk, ·

{ L. S. }    "By A. H. Gunny, Deputy."

This document, as a final process, is not merely defective, it is wholly unknown to the laws of this State. What shall be final process in criminal actions is prescribed in the four hundred and sixty-third section of the Act which regulates proceedings in criminal cases. It is a certified copy of the judgment as entered in the minutes of the Court. This process does not purport to be a certified copy of any judgment which has been rendered against the petitioner in a competent Court of criminal jurisdiction; on the contrary, it is a document addressed to the Sheriff of the County of Calaveras, issued by the Clerk of the Court without authority of law, in which a brief history of the proceedings against the petitioner, apparently compiled, not copied, from the records of the Court, is given. Regarded as a final process, it is wholly unauthorized by any provision of the statute by which proceedings in criminal actions are regulated, and therefore has no validity as such. In form and substance it is in all respects the counterpart of the process which was returned by the Warden of the State Prison in *Ex parte Dobson, ante,* 497, which was held to be insufficient. Mr. Justice Rhodes, by whom the opinion of the Court in Dobson's case was delivered, said : " It is provided by section four hundred and sixty-three of the Criminal Practice Act that ' when a judgment has been pronounced, a certified copy of the entry thereof in the minutes shall be forthwith furnished to the officer whose duty it is to execute the judgment, and no other warrant or authority is necessary to justify or require the execution thereof, except when judgment of death is rendered.' The return to the writ of habeas corpus shows that the prisoner is held under a writ issued by the Clerk, com-

manding the Keeper of the State Prison to keep the prisoner in safe custody in the State Prison until the judgment mentioned in the writ is satisfied or the prisoner discharged by due course of law; but the writ does not contain a certified copy of the judgment, nor does it appear that such copy was furnished to the officer whose duty it was to execute the judgment. The prisoner is therefore entitled to his discharge, and it is so ordered."

Upon the authority of Dobson's case I am bound to discharge the petitioner, so far as the process under which he is now held is concerned, upon the ground that it is unauthorized and void. The Attorney-General, however, who appears on behalf of the Warden of the State Prison, exhibits a certified transcript of the proceedings against the petitioner in the District Court, consisting of the minutes of the trial, showing that the prisoner was convicted of murder in the second degree, and the final judgment rendered by the Court, and claims that the petitioner should be remanded and held under this latter process until the expiration of the term for which he was sentenced, which, as appears from the certified copy of the judgment, was ten years instead of fifteen, as stated in the process under which he is now held. If there is a valid judgment of imprisonment against the petitioner, rendered by a competent Court of criminal jurisdiction, of which a certified copy can be obtained, I have no doubt as to my duty in the premises. I am bound to retain the petitioner in custody until a regularly certified copy of the judgment has been obtained, or until a reasonable time has been allowed for that purpose, and then, if obtained, remand him. Such was the course pursued in *Ex parte Ring*, 28 Cal. 247, and I have no doubt of the correctness of the practice. In that case it appeared that the petitioner was not held under the proper process, but it also appeared that there was a valid judgment of imprisonment against him rendered by a competent Court of criminal jurisdiction, of which a certified copy could be obtained, and that the term of his imprisonment had not yet expired. In view of those conditions the Court allowed the

Warden of the State Prison fifteen days within which to procure a certified copy of the judgment. The Warden having obtained and exhibited a certified copy of the judgment, within the time allowed, the petitioner was remanded. This practice is authorized by the Act concerning the writ of habeas corpus. While it provides that the petitioner shall be discharged when the process under which he is held is defective in some matter of substance required by law rendering such process void, (Sec. 20,) it also provides that he shall be remanded when it appears that he is in custody by virtue of the final judgment or decree of any competent Court of criminal jurisdiction, or of any process issued upon such judgment or decree, (Sec. 19,) and the former provision is in terms restricted by the latter, (Sec. 20.)

The question, then, which I am called upon to determine, is whether the judgment, of which a certified copy is exhibited by the Attorney-General, is a valid judgment of a competent Court of criminal jurisdiction. I cannot discharge the prisoner unless I find that the judgment is void because the Court either had no jurisdiction of the offense or of the person of the prisoner, or because it is " defective in some matter of substance required by law, rendering it void." Whether error was committed in the course of the proceedings, I am not permitted, under this writ, to inquire. Where the detainer is under legal process, the only points which can be investigated are as to the existence, validity and present legal force of the process, or, as in the present aspect of this case, of the judgment under which it is proposed to still hold the prisoner. Mere errors, however flagrant, cannot be reached by this writ, for their only effect is to render the judgment voidable, and the writ of habeas corpus deals only with defects which are so radical as to render the judgment absolutely void. Void and voidable judgments may alike be reversed on appeal or writ of error; but the former only gives authority to discharge on habeas corpus. (Hurd on Habeas Corpus, 332, *et seq.*)

An *irregularity* or error which will render a judgment void-

able is " the want of adherence to some prescribed rule or mode of proceeding; and it consists either in omitting to do something that is necessary for the due and orderly conducting of a suit or doing it in an unreasonable time or improper manner." (Tidd's Prac. 434.) "It is the technical term for every' defect in practical proceedings, or the mode of conducting an action or defense, as distinguished from defects in pleadings." (3 Chit. Gen. Prac. 509.) On the contrary, *illegality* can be affirmed only of radical defects, and signifies that which is contrary to the principles of law, as distinguished from rules of procedure. Illegality denotes a " complete defect in the proceedings." (Tidd, 435.) Mr. Hurd illustrates the distinction between mere error or irregularity which would render a judgment voidable and an illegality which would render a judgment void, thus: "It would be irregular to sentence a man to imprisonment in his absence, where the absence was occasioned by the order of the Court pronouncing the sentence. It would be illegal to sentence him to imprisonment for a crime which was punishable by a pecuniary fine only." (Hurd on Habeas Corpus, 333.)

In view of this distinction, the question is: Is the judgment in this case " contrary to the principles of law, as distinguished from the rules of procedure," or is there a " complete defect " in it, or is there something which the law deems material and requires to be stated which is altogether omitted ?

The judgment is in these words :

" *The People* v. *William P. Gibson*, indicted for murder.

" And now come the people by their counsel, W. J. Gatewood, District Attorney, and the defendant in person attended by his counsel to the bar of this Court, according to a former order thereof fixing this day for pronouncing judgment upon the verdict of the jury, when defendant's counsel moved for a new trial, for reasons set forth in bill of exceptions on file, which motion was overruled by the Court, and the defendant

having no legal cause to show why judgment should not be passed upon him the Court passed the following judgment, to wit: 'That you, William P. Gibson, be taken by the Sheriff of Calaveras County to the State Prison of the State of California, and there be confined for the period of ten years from the date of your conviction.' "

The only objection urged against this judgment by counsel for the prisoner is, that it does not state the offense of which he was convicted, and in view of that omission it is claimed that it is void, and therefore furnishes no legal warrant for the detention of the prisoner. This objection is founded upon the terms of the four hundred and sixty-second section of the Criminal Practice Act, which requires the Clerk, in entering a judgment of conviction, " to state briefly the offense for which the conviction has been had."

What the entry which contains the judgment against a defendant in a criminal action ought regularly and properly to state, in order to fully satisfy the requirements of the law, is a question not at all difficult to answer. It ought to show that all the steps or acts required by the statute which regulates proceedings in criminal cases to be done at that stage of the case, were performed. In cases where it is not lawful for the Court to proceed to judgment in the absence of the defendant, as in felonies, it ought to show that the defendant was present in person. (Crim. Prac. Act, Sec. 443.) That he was informed by the Court, or by the Clerk under its direction, of the nature of the indictment, of his plea, and if his plea was " not guilty," of the nature of the verdict; and that he was asked whether he had any legal cause to show why judgment should not be pronounced against him. (Sec. 456.) If cause is shown, the entry should show what it was, and what disposition was made of it by the Court, and lastly the punishment or sentence imposed by the Court, which should be stated with sufficient certainty to enable the officer to execute it. If it is a judgment of imprisonment, the commencement and duration of the term and the place of confine-

ment ought to be stated with certainty, if the commencement is stated at all; otherwise the judgment may be absolutely void. But the better practice is not to fix the commencement of the term, but merely to state its duration and the place of confinement. (Sec. 465.) So in the case of a judgment of death, the judgment ought not to appoint the day of execution, but leave it to be appointed in the warrant. (Sec. 466; 2 Bishop's Crim. Prac. Sec. 879.)

But while all this ought regularly and properly to appear in the entry of judgment, it does not follow that the omission of some of them or any of them will render the judgment erroneous, much less void.

In England an omission to state that the defendant was asked if he had any legal cause to show against the judgment would be fatal on writ of error. (1 Chit. Crim. Law, 701.) In the United States this question has been decided in various ways—some Courts holding that it would be error, and others that it would not, even in capital offenses. (*Grady* v. *The State*, 11 Ga. 253; *Sarah* v. *The State*, 28 Ga. 576; *West* v. *The State*, 2 Zab. 212; *State* v. *Ball*, 27 Mo. 324; *Hamilton* v. *The Commonwealth*, 4 Harris, Pa. 129; *Safford* v. *The People*, 1 Parker Crim. R. 474; *Dyson* v. *The State*, 26 Miss. 362; *People* v. *Stuart*, 4 Cal. 218.) But I have been unable to find a single case, in England or America, where such an omission has been held sufficient to render the judgment absolutely void.

Whether this judgment, then, is absolutely void or not is merely a question of jurisdiction. If it appears that the Court had jurisdiction of the subject matter and the person of the defendant (it being a Court of general jurisdiction, proceeding according to the course of the common law), the judgment is not void, however erroneous it may be, unless it is so uncertain in its terms as to be void upon that ground. But no question of the latter character is made in this case. Said Mr. Chief Justice Marshall, in *Ex parte Tobias Watkins*, 3 Peters, 202: "An imprisonment under a judgment cannot be unlawful unless that judgment be an absolute nullity;

and it is not a nullity if the Court has general jurisdiction of the subject." Such is the general rule—does the statute, by requiring the offense to be stated, change or modify it? But I do not find it necessary, for the purposes of this case, to determine whether, by reason of this provision of the statute, a judgment which is entirely silent as to the offense would for that reason be null and void; for while the entry in this case does not show the precise offense of which the prisoner was convicted, it shows that he was indicted for the crime of murder, tried and convicted of some offense under or within that indictment. It shows, therefore, a subject matter within the jurisdiction of the Court. The only reason why, as I conceive, the judgment should show the offense, is, that it may appear that the punishment inflicted is lawful, or, in other words, that the Court has not exceeded its power in that respect. Now, no conviction could have been had under the indictment in view of which the punishment of imprisonment for ten years would have been beyond the power of the Court to impose. There are only three offenses of which he could have been convicted: murder in the first degree, murder in the second degree, and manslaughter. For either of the last two the Court had power to imprison for ten years. If the conviction was for the first, the fact that the Court imposed imprisonment instead of death as the punishment, would not entitle the prisoner to his discharge. Where the prisoner was sentenced to the penitentiary, on conviction for horse stealing, for one year, the law requiring a sentence for such offense for a period of not less than three years, the error was held to afford no ground for discharge on habeas corpus. (*Ex parte Shaw*, 7 O. S. Rep. 81.) The Court said: " The question is one simply of jurisdiction. The Court had jurisdiction over the offense and its punishment, and while in the legitimate exercise of its power committed a manifest error and mistake in the award of the number of years of imprisonment. The sentence was not void, but erroneous." Hence we have a case over which the Court in any event had

jurisdiction, and in which it has not in any event exceeded its powers.

In *The People* v. *Cavanagh*, 2 Parker's Crim. R. 660, the judgment showed that there had been a conviction for misdemeanor, without stating the particular offense, and called for an imprisonment for the period of thirty days. The statute in New York in relation to the substance of a judgment entry is the same as ours. On habeas corpus the Supreme Court held that the judgment was sufficient to hold the prisoner, on the ground that it showed a case within the jurisdiction of the Court in which imprisonment for thirty days could be lawfully imposed, notwithstanding the precise offense for which he was convicted was not stated.

The judgment in this case may be erroneous in not stating more definitely the offense of which the prisoner was convicted, but I am satisfied that it is not void. My conclusion is that the process now in the hands of the Warden of the State Prison is sufficient to justify the detention of the prisoner until the expiration of the ten years for which he was sentenced.

The prisoner is remanded.

We have examined the foregoing opinion, and concur in the views expressed by Mr. Justice SANDERSON.

> RHODES, J.
> SHAFTER, J.
> SAWYER, J.
> CURREY, C. J.