Ex Parte WILLIAM A. MESS on Habeas Corpus.

No. 10,904; November 3, 1883.

Habeas Corpus.—The Passing of Sentence Within Two Days after conviction does not entitle the convicted person to discharge on habeas corpus.

Criminal Law.—The Imposing of Sentence Within Two Days After judgment of conviction is an irregularity and contrary to section 1191 of the Penal Code, but the question should be raised by direct appeal from the court's action, rather than by habeas corpus.

Clara Foltz and F. A. Hornblower for petitioner; Alfred Clark contra.

THORNTON, J.—The defendant was, on an information regularly filed, convicted in the superior court of the city and county of San Francisco of the crime of forgery. The verdict was rendered on the 25th of October, 1883, and at the same time the 27th of the same month, at 10 o'clock, A. M., was set for pronouncing judgment. On that day the defendant, with his attorney, appeared in court; and upon his being asked why judgment should not be pronounced against him, he moved for a continuance of sentence for three weeks, which motion was denied. He also moved for a new trial, on the ground of newly discovered evidence. The court also denied this motion, and, as recited in the entry, "the defendant showing no legal cause why judgment should not be pronounced against him," the court proceeded to pronounce judgment of imprisonment in the state prison at San Quentin for seven years. The defendant, as appears by the return of the warden of the prison, was held in custody by him under an order of commitment from the superior court above named, regular on its face, issued upon this judgment. It is now contended that the judgment and process under which the defendant is detained are void, for the reason that the period of two days was not allowed to elapse after the verdict of guilty was rendered before judgment was pronounced, and section 1191, Penal Code, is cited and relied on.

This may have been an irregularity for which the judgment should have been reversed on appeal, but the judgment and

process issued upon it are not void. Section 1191, above referred to, lays down a rule of procedure, and in general it should be observed; but I cannot think that it was ever intended that a violation of it should render the judgment so pronounced of no effect. The court had jurisdiction of the subject matter and the defendant, and was not deprived of it by a judgment the defect in which, if there was any, was nothing beyond nonadherence to a prescribed rule of procedure, and not such a material defect as made the proceeding illegal and void. See Ex parte Gibson, 31 Cal. 625, 626, 91 Am. Dec. 546, where the distinction between irregularity and illegality is pointed out.

I will add here that I do not wish to be understood as holding that the pronouncing of judgment on the 27th of October was erroneous; I only intend to say that the action of the court, if defective at all, was only error, and not without its jurisdiction.

The prisoner must be remanded to the custody of the warden of the state prison at San Quentin, and it is so ordered.