THE STATE ex rel. WELCH vs. SLOAN, Circuit Judge, etc.

*March 16 — April 6, 1886.*

CRIMINAL LAW AND PRACTICE: HABEAS CORPUS. *(1) Constitutional law: Information for murder. (2) Error in judgment does not justify discharge.*

1. An information in the form prescribed by sec. 4660, R. S., is sufficient to sustain a conviction of murder in the first degree; and that statute is not invalid under sec. 7, art. I, Const. *Hogan v. State*, 30 Wis. 428, followed.

2. If the trial court had jurisdiction of the subject matter and of the person in a criminal action, it is only when the judgment rendered is one which is not authorized by law under any circumstances, in the particular case made by the pleadings, whether the trial has proceeded regularly or not, that such judgment can be said to be void so as to justify the discharge of the defendant held in custody thereunder.

CERTIORARI to the Judge of the Thirteenth Judicial Circuit.

The case is stated in the opinion.

For the relator the cause was submitted on the brief of *C. S. Carter.*

*H. W. Chynoweth*, Assistant Attorney General, for the defendant.

TAYLOR, J.   This is a writ of *certiorari* issued out of this court to review the proceedings had before the respondent, as a circuit judge, upon a writ of *habeas corpus* issued by said judge in favor of the relator.   On the return of said writ it appeared that the relator was imprisoned in the state prison at Waupun upon the final judgment of the circuit court of Calumet county, in a criminal action of the state against said *Welch* upon an information for murder.   It appeared that the relator was arrested and pleaded not guilty to said information, and upon the trial the jury rendered a verdict by which they found the defendant " guilty of murder as charged in the information against him," and upon this verdict the said court rendered judgment that the relator be imprisoned in the state prison at Waupun for his natural life.   Upon the hearing the circuit judge remanded the prisoner, and, to review the proceedings and order of the circuit judge upon said writ of *habeas corpus*, the writ of *certiorari* was issued out of this court.

Upon the hearing upon the return to the writ of *certiorari* made by the said respondent it was urged by the learned counsel for the relator that the circuit court of Calumet county had no authority or jurisdiction to pronounce the judgment it did, in the case of the state against the relator, and consequently the judgment of the circuit court showed no lawful cause for the imprisonment of the relator, and he should have been discharged.   The grounds of this contention were (1) that the information in the action pending in Calumet county did not charge the relator with the crime of murder in the first degree, and therefore the court had no jurisdiction to pass a sentence punishing the relator for that crime; and (2) if the information was sufficient to sustain a conviction for murder in the first degree, still the verdict of the jury did not find him guilty of that specific crime, and therefore there was no authority or jurisdiction in the court to pronounce the judgment it did in the case.

The first objection raised by the learned counsel for the relator we do not think well taken.    The information in the action against the relator in the circuit court of Calumet county was in the form prescribed by sec. 4660, R. S. 1878, which reads as follows: "In indictments or informations for murder or manslaughter it shall not be necessary to set forth the manner in which, or the means by which, the death of the deceased was caused, but it shall be sufficient in any indictment or information for murder to charge that the accused did wilfully, feloniously, and of malice aforethought kill and murder the deceased; and in any indictment or information for manslaughter it shall be sufficient to charge that the accused did feloniously kill and slay the deceased."

The validity of this section, so far as it prescribes what shall be a sufficient information in charging the crime of murder, was considered by this court in the case of *Hogan v. State*, 30 Wis. 428, 441; and this court held in that case that an indictment or information in the form prescribed by said section was sufficient to and did charge the defendant with murder in the first degree, as well as in the second and third degrees, and that said section was not a violation of sec. 7, art. I, of the constitution.    The correctness of the decision in the *Hogan Case* has not been questioned in this court since it was pronounced, and we are not convinced by the arguments of the learned counsel for the relator in this case that the decision of the court in *Hogan v. State* was wrong, and ought now to be reversed after having stood as the law for over fifteen years.

The information in the case at bar being sufficient to charge the defendant with the crime of murder in the first degree, the circuit court had authority, under such information, to sentence the defendant to imprisonment for life in the state prison upon a verdict of the jury convicting the defendant of that crime.

The second point made by the learned counsel for the relator is that, the verdict being a general verdict by which the jury found the defendant " guilty of the crime of murder as charged in the information against him," such verdict was irregular, and insufficient to authorize the court to pass sentence and judgment thereon against the relator, and the same case of *Hogan v. State* is cited to sustain this objection.    The contention that it was error to pass sentence upon such verdict may be admitted for the purposes of this case, although it does not appear from the opinion or the record in this court that the form of the verdict in the *Hogan Case* was the same as in the case at bar.    In the *Hogan Case* this court held that the judgment pronounced upon the verdict was erroneous, not that it was void, and the judgment was reversed, and a new trial ordered in the case.

It is evident that the circuit court did not act without jurisdiction in pronouncing judgment upon the verdict rendered.    It was the duty of the court, upon the receipt of the verdict, either to pass judgment thereon, or to set it aside and order a new trial, as was done by this court in the *Hogan Case*, and not to discharge the defendant from custody.    Admit that the court erred in pronouncing judgment upon the verdict instead of setting the same aside, certainly the court in doing so had the power, and it was its duty, to determine what should be done in the case then before it; and if the court erred in its determination it was simply an error arising in the progress of the case, and not an act beyond the power and jurisdiction of the court, as it must be to be taken advantage of upon a writ of *habeas corpus.*

The defendant having been duly charged with the crime of murder in the first degree, and having been brought into the custody of the court, the court had full jurisdiction both of the subject matter of the action and of the person of the defendant, and, having rendered a judgment against the

defendant which the law authorizes after trial and conviction, any errors of the court intervening before the sentence and judgment must be taken advantage of either by motion in the court where the trial is had, or upon writ of error or exceptions in the manner prescribed by the statutes. These facts appearing to the officer before whom the writ of *habeas corpus* is returnable, it is his duty to remand the prisoner, under the provisions of subd. 2, sec. 3427, R. S., which reads as follows: "The court or judge must make a final order to remand the prisoner if it shall appear that he is detained in custody . . . (2) by virtue of the final judgment or order of any competent court of civil or criminal jurisdiction, or of any execution issued upon any such judgment or order." The last paragraph of sec. 3428 reads as follows: "But no such court or officer, on the return of any such writ, shall have power to inquire into the legality or justice of any judgment, order, or execution specified in the next preceding section."

It is only when the court pronounces a judgment in a criminal case which is not authorized by law under any circumstances, in the particular case made by the pleadings, whether the trial has proceeded regularly or otherwise, that such judgment can be said to be void, so as to justify the discharge of the defendant held in custody by such judgment. This was the conclusion reached in the cases of *People ex rel. Tweed v. Liscomb*, 60 N. Y. 571, 590, 591, 604; *In re Perry*, 30 Wis. 268; *In re Crandall*, 34 Wis. 177; *In re Semler*, 41 Wis. 517; *Hauser v. State*, 33 Wis. 678; *Ex parte Lange*, 18 Wall. 163; and *Ex parte Gibson*, 31 Cal. 628. See, also, Hurd on Hab. Corp. 327–332, and cases cited in the notes.

In *Tweed's Case*, above cited, the court say: "The court had jurisdiction of the person of the accused, and of criminal offenses committed within the county of New York, and necessarily had jurisdiction to pass upon the form and

sufficiency of the indictment and the order and course of the trial, and decide every question that arose in its progress, and whether the determination of the court upon any or all the questions were right, or wrong did not affect the jurisdiction. In other words, the court had jurisdiction to make wrong as well as right decisions in all the stages of the prosecution, and whether those made were right or wrong cannot be raised on *habeas corpus;*" and though the court in that case discharged the prisoner on *habeas corpus,* it was done upon the ground that the judgment pronounced in that case was entirely beyond the right of the court to pronounce under any state of facts which could have been shown on the trial. That case presented a similar question to the one presented in the case of *In re Pierce,* 44 Wis. 411, 426.

The circuit judge was clearly right in making an order remanding the relator.

*By the Court.*— The proceedings and order of the circuit judge are affirmed.