## STATE OF MINNESOTA *vs.* GEORGE MASTELLER.

### December 22, 1890.

**Indictment—Proof of Offence at Different Time and Place—Conviction of Attempt.**—Under an indictment charging the commission of the crime specified in section 236 of the Penal Code, in a certain county on the 3d day of April, 1886, it would be competent for the state to show that the crime was committed in an adjoining county, if committed within 100 rods of the line dividing said counties, on the 26th day of February previous; following *State* v. *Robinson*, 14 Minn. 333, (447,) and *State* v. *New*, 22 Minn. 76. And if the testimony failed to establish the commission of the crime charged, but did prove an attempt to commit it, the defendant could be convicted of the attempt.

**Same—Such Proof, when Inadmissible.**—But where the prosecution has introduced testimony relative to the commission of a certain crime, and rested its case, it cannot then be permitted, the defendant objecting, to waive a conviction, abandon the prosecution as to that charge, and go into proof of a separate and distinct offence, committed at another time, although of precisely the same character.

Defendant was tried and convicted in the district court for Todd county, before *Searle, J.*, on an indictment charging that "the said George Masteller, on the 3d day of April, A. D. 1886, at the town of Reynolds, in said county of Todd and state of Minnesota, unlawfully and carnally knew and abused" (a person named) "then and there a female child under the age of ten years; contrary to the form of the statute," etc. He appeals from a judgment that he be imprisoned at hard labor for 10 years in the state prison.

*D. W. Bruckart* and *A. M. Crowell,* for appellant.

*Moses E. Clapp*, Attorney General, and *E. B. Wood,* for the State.

COLLINS, J. The defendant was charged with the crime specified in section 236 of the Penal Code, alleged in the indictment to have been committed in the county of Todd on the 3d day of April, 1886. On the trial the proof as to the day on which the offence was committed corresponded exactly with the allegation in the indictment, and it also clearly appeared that the child became 10 years of age on

that same day. When the state rested its case, this point was made by the defence, and a motion made that the jury be directed to return a verdict of not guilty. Thereupon the state asked for leave, and was permitted, to show by the witnesses that the defendant had attempted to commit the felony charged in the indictment on the 26th day of February, 1886, at another place, namely, in the county of Douglas, but within 100 rods of the Todd county line. The defendant objected to a reopening of the case, and repeatedly objected to testimony which might tend to show an attempt to commit the crime on the day last mentioned, or at any other time, or at the place specified, or elsewhere. These objections were overruled, and exceptions were properly taken. The testimony then produced by the state was to the effect that on February 26, 1886, at a dwelling-house situated in Douglas county, but within five rods of the Todd county line, the defendant had attempted to have carnal knowledge of the child, without success. The jury was instructed that upon the evidence the accused could not be convicted of the principal offence, but that he might be found guilty of the attempt referred to. Under this instruction, he was convicted of an attempt to commit the crime charged in the indictment. There are quite a number of assignments of error which need no consideration.

Under this indictment, the prosecution could have shown that the alleged crime—a felony—was perpetrated on February 26, 1886, and at a point in another and adjoining county, if within 100 rods of the dividing line between it and the county of Todd. Except when time is a material ingredient of the offence, it is not essential that it be precisely stated in the indictment; and evidence of its commission on a day other and prior to that laid is competent. Gen. St. 1878, *c.* 108, § 7; *State* v. *New,* 22 Minn. 76; *State* v. *Lavake,* 26 Minn. 526, (6 N. W. Rep. 339.) It is also settled that where a crime is committed within 100 rods of the dividing line between two counties, the indictment may aver it to have been committed in the county in which it is prosecuted, and under such an averment the state will be allowed to show that it was committed in the adjoining county. Section 20, *c.* 108, *supra; State* v. *Robinson,* 14 Minn. 333, (447.) See, also, *State* v. *Anderson,* 25 Minn. 66. So that had the testimony

v.45m.—9

been confined to what transpired on February 26th, the child then being under the age of 10 years, and had the proof been sufficient as to the commission of the offence, the defendant might have been lawfully convicted as charged in the indictment; and, as provided by section 32 of the Penal Code, he could have been found guilty of an attempt to commit the crime. But such was not the situation when the defendant was tried and convicted. The state took its position, selecting the particular offence for which it wished to prosecute. It attempted to establish by proof the commission of an offence upon the day named in its indictment. Failing in this, because the girl had reached the age of 10 years on that day, it was permitted, notwithstanding defendant's protest, to reopen the case and go into facts surrounding another and different occurrence, entirely independent, except in nature, of the one for which the defendant had already been tried. If he had been accused and tried for an assault and battery committed on this child on the 3d of April, and through some technicality the state had failed to make out a case, could it have been permitted to change its position and to have shown that at another time, some two months earlier, the defendant had committed another assault and battery upon the same person? Certainly not. It is a general rule that in the trial of all cases, whether civil or criminal, no testimony should be received which does not directly tend to prove or disprove the matter in issue; and in criminal proceedings the necessity is stronger, if possible, than in civil, of strictly enforcing the rule, and confining the testimony exclusively to the transaction which forms the subject of the indictment, and which alone the defendant can be expected to come prepared to answer. He has appeared ready to defend against a single charge, and this he may do successfully, as did this defendant, and, having done so, may find himself overwhelmed by a number of others of which he has had no notice, and against which he cannot be prepared. Such a procedure gives the prosecuting attorney the opportunity to prove a number of distinct offences, the inevitable result being to prejudice the minds of the jurors against the accused, and then to elect, if called upon to do so, upon which one of the number he will claim a conviction. His election should be made at the outset, for he has or should have

the proofs in his possession. He must not be permitted to prove or attempt to prove one offence, and then, under objection, waive that and proceed to give evidence of another. *State* v. *Bates,* 10 Conn. 372; *People* v. *Hopson,* 1 Denio, 574; *Lovell* v. *State,* 12 Ind. 18; *Elam* v. *State,* 26 Ala. 48; *Barton* v. *State,* 18 Ohio, 221; *Stockwell* v. *State,* 27 Ohio St. 563; *Stante* v. *Pricket,* 1 Camp. 473; *Burgess* v. *Freelove,* 2 Bos. & P. 425; Whart. Crim. Ev. §§ 46, 104; 3 Russ. Crimes, 279. We think this rule is very clearly intimated in *State* v. *Johnson,* 23 Minn. 569. There the state offered testimony to prove a larceny of wheat on December 26th, and as the trial proceeded there was evidence which tended to show a similar larceny on December 19th, but "it was not objected to as it might have been," and the court held that the state could be allowed to elect on which of the two larcenies it would demand a conviction.

There are notable exceptions to the rule that the evidence must always be confined to a single transaction, one being considered in *State* v. *Mueller,* 38 Minn. 497, (38 N. W. Rep. 691;) but we are unable to conceive of circumstances under which the state could be permitted to waive a conviction and abandon the prosecution of a crime concerning which it had introduced its testimony, and rested its case, and to then go into proof of a separate and distinct offence committed at another time, although of precisely the same character. The result of such a holding would be intolerably unjust and oppressive to the accused in any criminal proceeding.

In view of the new trial which must be had, we will refer to the second assignment of error. The girl upon whom the defendant was said to have made this attempt, had properly testified as to his beating her to accomplish his purpose, and to compel her to keep silent in respect to his behavior, when her grandmother was called as a witness and interrogated as to her knowledge of the whipping of the girl by the defendant. It did not appear that the witness was present at the time, but, under objection, she was allowed to state the appearance of the girl subsequently. There was no testimony tending to show that the whipping referred to by the grandmother was that of which the girl had testified, or that it was in any way connected with the offence for which defendant was then being tried.

Upon a trial for the crime charged in the indictment, proof of an assault and battery upon the girl, in no manner connected with or having a bearing on the crime in question, should not have been received.

Judgment reversed, and a new trial granted.