### Ex Parte Elmo Wood.

#### No. 873.    Decided March 28th, 1896.

36   7<br>38  621

**Habeas Corpus—Verdict—Judgment and Sentence—House of Correction and Reformatory.**

On a trial for burglary, where the verdict found the defendant was under 16 years of age, and assessed his punishment at imprisonment for a term of two years, but failed to specify the place of confinement; that is, whether in the penitentiary or in the house of correction and reformatory; and the judgment and sentence of the court ordered his imprisonment in the house of correction and reformatory; whereupon defendant applied for a writ of habeas corpus, upon the ground that the judgment and sentence were absolutely void, the verdict not having designated such imprisonment, as is required by the proviso to Art. 1145, Code Crim. Proc. [Act of April 2nd, 1889]. Held: That the court had jurisdiction to render such judgment and sentence on a verdict silent as to the place of imprisonment, and that applicant was not entitled to the writ of habeas corpus.

Henderson, Judge, while dissenting as to the proper construction and effect to be given to the proviso in Art. 1145, Code Crim. Proc., with regard to the verdict. Holds: That the judgment not being absolutely void, applicant was not entitled to the writ of habeas corpus.

This proceeding was an original application for a writ of habeas corpus, to be discharged from imprisonment in the house of correction and reformatory, in the County of Coryell.

The opinion states the case fully.

[No briefs on file with the record.]

*Mann Trice*, Assistant Attorney-General, for the State.

HURT, Presiding Judge.—The relator was placed upon trial in the District Court of Wilbarger County, on an indictment charging him with burglary.    To the charge he pleaded guilty.    The jury returned their verdict, punishing him by imprisonment for the term of two years. The verdict finds that the defendant was under 16 years of age.    It did not state whether the relator should be sent to the house of correction and reformatory, or the penitentiary, as required by the Act of April 2nd, 1889 (New Code Crim. Proc., Art. 1145).    The court, however, entered up the judgment, in form, sending him to the reformatory. Believing this judgment to be absolutely void, the appellant seeks, by habeas corpus, to be discharged from imprisonment at the reformatory.

My Brother, Henderson, believes the proviso contained in the last act to be void, without any force or effect whatever.    I do not take this view of the question.    The first act, which was passed 'March 29th, 1887, upon such a verdict as was rendered in this case, required the judgment and sentence to send the convict to the reformatory.    This was imperative, no discretion being left with the jury or the court.    Ex-

perience, however, taught the legislature that incorrigible criminals were sent to the reformatory, which was against the very object of the law creating such an institution, and hence the proviso contained in the last act, which reads: "Providing the jury convicting shall say in their verdict whether the convict shall be sent to the reformatory or the penitentiary." If the jury should render a verdict that the prisoner was not over 16 years of age, and in the verdict the jury should say he should be sent to the penitentiary for any term, naming it, not exceeding five years, we believe such verdict would be legal, and the judgment and the sentence should follow the same. It is contended, however, by relator, that the judgment and sentence are void, because the jury failed to say where he should be sent. The court had jurisdiction of the person and the subject-matter. The court had a legal right to pronounce the judgment rendered in this case, because the law provides, in certain circumstances, such a judgment should be rendered. The punishment imposed was in accordance with the law. It was that prescribed for this offense. It was not greater than the law permitted. It is true that the jury may have sent him to the penitentiary; but we cannot say, upon a silent verdict, that the punishment imposed was without jurisdiction in the court. This is not a case in which a different punishment from that inflicted by the jury has been imposed, or a greater punishment, or an illegal punishment. It is a case in which the punishment has been inflicted on a verdict simply failing to name the place where the relator should be confined. The punishment inflicted is the mildest known to law. We have reference to the place, and not to the length of the time of punishment. Under the above case, can a convict be discharged on a writ of habeas corpus? We answer, that he cannot. We have not the time to elaborate this proposition, believing that nothing can be added to the opinions in the cases of State v. Sloan, 65 Wis., 647; 27 N. W. Rep., 616; Turney v. Barr, 75 Iowa, 758; 38 N. W. Rep., 550; Ex parte Gibson, 31 Cal., 619. Sloan's case must be considered in connection with Hogan v. State, 30 Wis., 439. The writ of habeas corpus is refused.

*Habeas Corpus Refused.*

DAVIDSON, Judge, concurs.

---

HENDERSON, JUDGE (dissenting).—While I agree with the opinion rendered by the majority of the court as to the disposition of this case, I differ from them in the reasoning by which such result is reached. I will state my views of the questions involved in this case. This is an original application for a writ of habeas corpus to this court. The relator, Elmo Wood, alleges that he is illegally restrained of his liberty by J. F. McGuire, superintendent of the house of correction and reformatory at Gatesville, in Coryell County, for this: That he was tried in the District Court of Wilbarger County, in the case in which the State of Texas was plaintiff and the relator was defendant, in which said cause relator was charged with the offense of burglary, and, upon the trial thereof, the

jury returned the following verdict, which was received by the court, to-wit: "We, the jury, find the defendant guilty as charged, and assess his punishment, at two· years' imprisonment. We also find the defendant to be under 16 years of age. [Signed] R. H. Bonner, Foreman." Upon this verdict of the jury, the relator was sentenced to confinement in the house of correction and reformatory for a term of two years, and he now says that the judgment and sentence of the court, so confining him in said house of correction and reformatory, is a nullity, and he seeks his enlargement and discharge at the hands of this court. The judgment and sentence exhibited by the relator is in accordance with the application for the writ of habeas corpus.

The first act passed on this subject was by the legislature in 1887. See, Acts Leg., p. 64. The law in existence on this subject when this conviction was had, is Section 12, Acts 1889, and reads as follows: "When upon the trial and conviction of any person in this State of a felony, it is found by the verdict of the jury, that the defendant is not more than 16 years of age, and the verdict of conviction is for confinement for five years or less, the judgment and sentence of the court shall be that the defendant be confined in the house of correction and reformatory, instead of the penitentiary, for the term of his sentence, and that such defendant be conveyed to the house of correction and reformatory, by the proper authority, and there confined for the period of his sentence; and for such service such officer shall be paid the same fees he would be allowed for carrying such convicts to the penitentiary. Providing, the jury convicting shall say in their verdict whether the convict shall be sent to the reformatory or the penitentiary." [New Code Crim. Proc., Art. 1145.] This section of said act first came before this court for construction in Washington v. State, 28 Tex. Crim. App., 411. In that case the jury found the defendant guilty of a felony, and assessed his punishment at confinement in the penitentiary for a term of four years. They also found that he was 13 years of age, and this finding was in accordance with the instruction of the court. Upon such finding, the court rendered the judgment that the defendant be confined in the house of correction and reformatory for said term. Judge Willson, in reversing the case, said: "We are of the opinion, and so hold, that the charge of the court in the particular above mentioned is erroneous and insufficient. It should have told the jury that, if they found the defendant guilty, and found that he was not more than 16 years of age, they should further find, and state in their verdict, whether he should be sent to the reformatory or the penitentiary, and that the place of his punishment would be determined by the period of confinement assessed by them; that is, if the period of confinement should be assessed at five years or less, he would be sent to the reformatory, but if at more than five years, he would be sent to the penitentiary. We think the provision of the statute we have quoted mandatory, and though, to our minds, it is an unnecessary provision, still it is the law, and a part of the law of this case, and should have been contained in the charge. This question

again came before this court in Duncan v. State, 29 Tex. Crim. App.,. 141. The jury in that case found the defendant guilty of manslaughter, and assessed his punishment at five years in the penitentiary, and they also found that he was 17 years old. It was held, in that case, by Judge White, that the verdict as to defendant's age was not supported by, but was against, the evidence. The lower court instructed the jury, in that case, if they found the defendant guilty of murder in the second degree or manslaughter, to find and state whether he is more than 16 years of age; and, "if so, and your verdict of conviction is by confinement for five years or less, state as a part of your verdict what defendant's age is, in order that the court may pass proper legal judgment and sentence," etc. The court, in reversing the case, stated that this charge was insufficient, and referred to Washington v. State with approval. In Hays v. State,. 30 Tex. Crim. App., 472, the question again came before this court. In that case, the verdict of the jury was as follows: "We, the jury, find the defendants guilty of burglary as charged in the indictment, and assess their punishment at four years in the penitentiary." The case was reversed because the verdict was joint. The lower court, in that case, charged the jury: "If, under the evidence and charge of the court, you find the defendants, or either of them, guilty, and by your verdict assess their punishment at five years' confinement, and you believe, from the evidence, that either of the defendants is under the age of 16 years, then you have the discretion, and shall say by your verdict, whether such defendant shall be confined in the State reformatory or in the State penitentiary." Judge Davidson, in speaking for the court, uses this language with reference to said charge: "If either of the defendants is not more than 16 years of age, and the punishment assessed be confinement for five years or less, then, as to that defendant, the judgment and sentence shall be that the said defendant shall be confined in the house of correction and reformatory. The law, under this state of case, leaves the jury and court no discretion in the matter. The uncontradicted evidence is that the defendant, Hays, is under 16 years of age. The judgment and verdict should both have ascertained that fact, and it should have been embraced in said verdict and judgment"—referring to Washington v. State, 28 Tex. Crim. App., 411. On a rehearing of said case, however, the construction of said article was. changed, and this court said: "The discretion of the jury refers to the place of confinement, where the party is 16 years or less and the punishment is five years or less, and this is mandatory. Under the statute, in so far as the opinion in the Washington case is in conflict with this view, it is overruled."

The effect of this latter decision is to authorize the jury to say, in case they find a party guilty, and assess his punishment at five years or less confinement, whether such party shall be confined in the penitentiary or in the house of correction; and the case now before us brings in review the former decisions by this court upon this question. It will be observed that the decision in the last-mentioned case is not necessary to.

a decision of the point in issue here, as the case was reversed on account of an illegal verdict; but the intention of this court, in said case, was no doubt to lay down a rule for the guidance of the court in that case and in all other similar cases.    It will be further observed that, in the construction of this section, there is a conflict in the views of this court, and we have therefore given the subject a more thorough examination, in order to arrive at the true meaning and intent of the act in question. In construing statutes, we are aware that it is a rule of general application that a proviso in a statute will control it.    But this is not of universal application.    A contradiction between a proviso and what has gone before will not be recognized, so as to give an arbitrary effect to the latter provision, unless it be clearly the intent of the legislature that it should do so.    "The rule may be reversed, and effect given to the clause or provision standing first in the act, when it is more in accord with the general purpose of the act, construed in the light and with the aid of all other statutes in pari materia.    'The true principle undoubtedly is that the second interpretation and meaning of the statute, on a view of the enacting clause, saving clause, and proviso, taken and construed together, is to prevail.    If the principal object of the act can be accomplished, and stand, under the restriction of the saving clause or proviso, the same is not to be held void for repugnancy.'"    See, Suth. St. Const., § 221 et seq.    See, also, Aaron v. State, 40 Ala., 307.    These are the rules applicable to the construction of statutes generally; but, when we come to the construction of criminal statutes, the rule is more liberal in favor of the accused.    So that, if a proviso in a statute, in its enforcement, would operate more harshly to a defendant than would appear from the enacting clause, a proviso is to be controlled by the enacting clause.    Says Mr. Bishop (St. Crimes, § 227):    "As already seen, while a criminal statute is to be construed strictly in those parts which are against defendants, its construction is to be liberal in those parts which are in their favor."    The same author says the doctrine is "that, in favor of accused persons, criminal statutes may be either, according to the form of the provision, contracted or expanded by interpretation in their meanings, so as to exempt from punishment those who are not within their spirit and purpose, while at the same time (as the last section shows, and as explained in the last chapter,) they can never be expanded against the accused, so as to bring within their penalties any person who is not within their letter."    Bishop's St. Crimes, p. 214, § 230.

Now, applying these rules of construction to the statute in question, let us see how the matter stands.    Section 12 requires the jury, in all cases where the age of a defendant is in issue, to find his age; and, in case they find he is not more than 16 years of age, and the punishment they assessed is confinement not exceeding five years, to so state in their verdict; and, in such case, the express averment of the section is that "the judgment and sentence of the court shall be, that the defendant be confined in the house of correction and reformatory, instead of the pen-

itentiary." . No language could be more emphatic, and it would seem to clearly follow, upon such finding, that but one result would follow. It is insisted, however, that the proviso is equally emphatic and that, as it is the last expression of the legislature, it must control, and that this empowers the jury, even after finding the above facts in favor of defendant, to send him to the reformatory or to the penitentiary in their discretion. In other words, notwithstanding the findings as to age and term of punishment in favor of defendant, the jury has still the power to send such defendant to the penitentiary, instead of the reformatory, although the language of the preceding part of the enactment says that, "in such case, the defendant shall be confined, in the house of correction and reformatory, instead of the penitentiary." The effect of such construction would be to enlarge, by the proviso of the act, the discretion of the jury, and authorize them to take the case out of the preceding clause of said section. This would not be to follow the rule of construction as heretofore cited from Mr. Bishop, but would allow the proviso to be expanded against the accused so as to impose on him a penalty which is not within the preceding part of the section; that is, if we take for granted that it was the intention of the legislature, in passing this statute, to ameliorate the condition of certain persons of tender age, and that it was the purpose of this enactment, as it unquestionably was, to separate youthful criminals from the more hardened and obdurate class to be found in the penitentiary, and thus afford them greater facilities for reformation. And such seems to have been the view of this court in Green's case, 32 Tex. Crim. Rep., 298. The court held a charge directing the jury, in case they found defendant 16 years of age or under, and the punishment assessed was five years or less, to send him to the reformatory, as not reversible error, being beneficial to the defendant. And, moreover, to place upon this proviso any other construction would give to the jury an unbridled discretion, subject to no revision, for the same offense, to send one youth to the penitentiary and another to the reformatory. We cannot believe that such inequality before the law was ever intended. The purpose of this proviso was intended to remedy an uncertainty attending the administration of the law under the statute of 1887, which contains the same enactment without the proviso. That statute provided, as does this, that the jury should find the age and term of punishment, and, if the party was 16 or under, and the punishment five years or less, to return such facts in their verdict, and then the court should, in his sentencing the party, send him to the reformatory, instead of the penitentiary. In the administration of the law under said statute, it was a question whether the jury should, by their verdict, say as to the place of confinement, or leave that matter wholly to the court. And this, doubtless, produced some confusion, and, in the new enactment, this proviso was added in order to heal this defect, and same is to be construed in pari materia, with the other and foregoing provisions of said section. In other words, when the issue of the age of defendant was made, the

jury are directed to find as to his age and term of punishment. If they find the age of the defendant to be 16 years or under, and assess his punishment at five years or less, they have no discretion but to send such person to the house of correction and reformatory. If, on the contrary, they should find a defendant to be over sixteen, or assess his punishment at a greater term than five years, the result of such finding requires the jury to assess the punishment in the penitentiary. This view gives full effect to the ascertainment of the facts required to be found by the jury in the antecedent portion of said section, strips the jury of an arbitrary discretion, and places all youths on an equality before the law. And, furthermore, it is in accord with the construction of this statute, as expressed by this court in the case of Washington v. State, heretofore referred to, which appears to us to be a sounder view than that expressed in the later decisions. In conclusion, I hold that the proviso in question is of that character which, if not followed in the verdict, does not render the judgment of conviction absolutely void. The jury having found the fact upon which their verdict was predicated, as required by the antecedent portion of said section, the place of punishment follows as a natural sequence from said finding. I would not be understood as holding that this would be a good verdict on appeal, but, the relator having been sentenced in this case, and no appeal having been taken, and having begun to serve out his term of punishment, in the house of correction and reformatory, it is not such a verdict as renders the judgment thereon absolutely void, and, not being void, it cannot be taken advantage of by a proceeding on habeas corpus. See, Church, Hab. Corp., § 364; Ex parte Dickerson, 30 Tex. Crim. App., 448; Ex parte Willson, 114 U. S., 417, 5 Sup. Ct., 935.