## STATE EX REL. MATHEW ELMS v. EARLE BROWN, AS SHERIFF OF HENNEPIN COUNTY.[1]

June 17, 1921.

No. 22,488.

**Habeas corpus — discharge of defendant for void judgment in criminal case.**

1. It is only where the court pronounces a judgment in a criminal case which is not authorized by law, under the indictment, whether the trial has proceeded regularly or otherwise, that such judgment can be said to be void so as to require the discharge of the defendant upon habeas corpus.

**Indictment for commission of crime — conviction for attempt to commit.**

2. Under an indictment charging carnal knowledge of a child, under the age of consent, the accused may be convicted of an attempt to commit that crime, where the testimony failed to establish the commission of the crime charged, but did establish an attempt to commit such crime.

**Discharge of defendant not warranted upon return of verdict of guilty — error did not go to jurisdiction.**

3. It was the duty of the court upon receipt of the verdict either to pass judgment thereon or to set it aside and order a new trial, but not to discharge the defendant. If the court erred in this regard it was an error arising in the progress of the trial and did not go to the jurisdiction so as to be taken advantage of upon habeas corpus.

Upon the relation of Mathew Elms the district court for Hennepin county granted its writ of habeas corpus directed to Earle Brown as sheriff of that county. From an order, Jelley, J., quashing the writ and remanding relator to the custody of respondent, relator appealed. Affirmed.

[1]Reported in 183 N. W. 669.

*Brady, Robertson & Bonner,* for relator.

*Clifford L. Hilton,* Attorney General, and *Floyd B. Olson,* County Attorney, for respondent.

QUINN, J.

Relator seeks release from prison through a writ of habeas corpus. The legality depends upon whether the judgment and commitment are absolutely void, because of the form of the verdict. It is the contention of relator that the verdict is not sufficient to support the judgment in that it fails to mention the age of prosecutrix or to designate the county in which the offense is claimed to have been committed, and that it makes no reference to the charge as contained in the indictment. The charging part of the indictment is as follows: "The said Mathew Elms on the fourth day of December, A. D. 1920, at the City of Minneapolis in said Hennepin county, Minnesota, then and there being did wilfully, unlawfully, wrongfully, knowingly and feloniously, carnally know and abuse one Elizabeth Harris, said Elizabeth Harris then and there being a female child under the age of eighteen years, to-wit: of the age of ten years, and not being then and there the wife of the said Mathew Elms."

The jury returned the following verdict: "We the jury find the defendant guilty of the crime of an attempt to commit the crime of carnal knowledge and abuse of a female child."

Thereafter the relator made a motion in arrest of judgment, which was denied, and judgment was thereupon entered adjudging the relator guilty of the crime of attempting to commit the crime of carnal knowledge and abuse of a female child and sentencing him to be confined at hard labor in the State Prison, at Stillwater, Minnesota, for a term of not to exceed 10 years in duration or until thence discharged by due course of law or by competent authority.

Section 8656, G. S. 1913, provides as follows:

"Every person who shall carnally know and abuse any female child under the age of eighteen years shall be punished as follows:

1.   *   *   *

2.   When such child is ten and under the age of fourteen years, by

imprisonment in the state prison for not less than seven years nor more than thirty years.

3.  *  *  *

Section 8490, G. S. 1913, provides that:

"An act done with intent to commit a crime, and tending, but failing, to accomplish it, is an attempt to commit that crime; and every person who attempts to commit a crime, unless otherwise prescribed by statute, shall be punished as follows:

1.  If the crime attempted is punishable by death or life imprisonment, the person convicted of the attempt shall be punished by imprisonment in the state prison for not more than ten years.

2.  In every other case he shall be punished by imprisonment in the state prison for not more than half of the longest term, or by fine of not more than half the largest sum prescribed upon conviction for the commission of the offense attempted, or by both such fine and imprisonment;" * * *

Section 8476 provides that: "Upon the trial of an indictment the defendant may be convicted of the crime charged therein, or of a lesser degree of the same crime or of an attempt to commit the crime so charged, or of an attempt to commit a lesser degree of the same crime."

And section 9213 provides that, * * * "upon an indictment for any offense the jury may find the defendant not guilty of the commission thereof, and guilty of an attempt to commit the same * * * In all other cases, the defendant may be found guilty of any offense, the commission of which is necessarily included in that with which he is charged in the indictment."

It follows that, upon the trial of a person charged with the crime set forth in the indictment, if, in the opinion of the jury, the proof is not sufficient to warrant a conviction of the principal offense, but is sufficient to evince an intent on the part of the accused to carnally know the prosecutrix, coupled with the commission of physical acts on his part, tending but failing to accomplish his purpose, he may be convicted, under the statutes, of an attempt to commit the crime of carnal knowledge of such child.    State v. Masteller, 45 Minn. 128, 47 N. W. 541.

We come then to the proposition whether the verdict as returned is

void upon its face. The verdict is not a model in form. If it is merely voidable then the remedy would be by appeal, but, if the judgment is void, then defendant is entitled to be released. The chief contention is that the verdict makes no reference to the charge as contained in the indictment, and consequently is not sufficiently definite to support the judgment. Therefore the court had no jurisdiction to pronounce sentence upon the relator and he is illegally imprisoned. We are unable to concur in this contention.

The court had jurisdiction over the defendant and the cause. The verdict is general in its scope, and, when construed in connection with the indictment, is sufficient. It fully informs the court of the offense of which it declared defendant guilty. "The writ of habeas corpus is not designed to fulfil the functions of an appeal or a writ of error. It is not intended to bring in review mere errors or irregularities, whether relating to substantive rights or to the law of procedure, committed by a court having jurisdiction over person and subject matter. Such errors and irregularities do not affect the jurisdiction of the court or render its judgment void, and the remedy is therefore by appeal, exceptions, or writ of error;" 21 Cyc. 285; Ex parte Booth, 39 Nev. 183, 154 Pac. 933, L.R.A. 1916F, 967; Dover v. State, 75 Ala. 40; In re Black, 52 Kan. 64, 34 Pac. 414, 39 Am. St. 331; State v. Sloan, 65 Wis. 647, 27 N. W. 616; Willis v. Bayles, 105 Ind. 363, 5 N. E. 8; In re Satt, 164 Mich. 472, 129 N. W. 863; Keller v. Davis, 69 Neb. 494, 95 N. W. 1028; In re Casey, 27 Wash. 686, 68 Pac. 185; In re Eckart, 166 U. S. 481, 17 Sup. Ct. 638, 41 L. ed. 1085; Id. 85 Wis. 681, 56 N. W. 375.

Assuming the verdict to be erroneous, so that it should have been set aside and a new trial granted, still it is evident that the court did not act without jurisdiction in pronouncing judgment upon the verdict rendered. The indictment was sufficient to and did charge the relator with the crime of carnal knowledge of a child under the age of consent. It was the duty of the court, upon receipt of the verdict, either to pass judgment thereon, or to set it aside and order a new trial, but not to discharge the defendant. If the court erred in this regard, it was simply an error arising in the progress of the trial, and did not go to

the jurisdiction of the court so as to be taken advantage of upon habeas corpus.

It is not questioned but that the court had full jurisdiction both of the subject matter of the action and of the person of the defendant, and, having rendered a judgment against the defendant which the law authorizes after trial and conviction, any errors of the court intervening before the sentence and judgment must be taken advantage of either by motion in the court where the trial is had, or upon writ of error or exceptions in the manner prescribed by the statute.

Under the provisions of subdivision 2 of section 8296, the officer before whom the writ is returnable shall forthwith remand the relator if it appears that he is detained in custody "by virtue of the final judgment of a competent court of civil or criminal jurisdiction, or of an execution issued upon such judgment." It is only when the court pronounces a judgment in a criminal case which is not authorized by law, under any circumstances in the particular case made by the pleadings, whether the trial has proceeded regularly or otherwise, that such judgment can be said to be void, so as to justify the discharge of the defendant held in custody by such judgment. State v. Sloan, supra; People v. Liscomb, 60 N. Y. 571, 590, 604, 19 Am. Rep. 211; Ex parte Lange, 18 Wall. 163, 21 L. ed. 872; Ex parte Gibson, 31 Cal. 628, 91 Am. Dec. 546; Hurd, Habeas Corpus, 327-332.

It is well settled by the weight of authority that a verdict in a criminal case will not be held void for uncertainty, if its meaning can be determined by reference to the indictment. People v. Tierney, 250 Ill. 515, 95 N. E. 447; State v. Gregory, 153 N. C. 646, 69 S. E. 674; State v. Braden, 78 Kan. 576, 96 Pac. 840; In re McLean, 84 Kan. 852, 115 Pac. 647, 35 L.R.A.(N.S.) 653; Doolittle v. State, 93 Ind. 272; People v. Holmes, 118 Cal. 444, 50 Pac. 675.

In People v. Tierney, it was said: "A verdict is not to be construed with the same strictness as an indictment, but it is to be liberally construed, and all reasonable intendments will be indulged in its support, and it will not be held insufficient unless, from necessity, there is doubt as to its meaning." Under this rule the verdict in the instant case is sufficient. Its language leaves no doubt as to its meaning or as to the intention of the jury.

In State v. Ryan, 13 Minn. 343 (370), the accused was indicted for murder in the first degree. The verdict read: "We, the jury in the case of the state of Minnesota against John Ryan, do find a verdict of murder in the first degree." In disposing of the case upon appeal in this court it was said: "The only rational general rule that can be adopted by which to measure its sufficiency, is, does it show clearly, and without any doubt, the intention of the jury and their finding on the issues presented to them? If it does, it cannot be declared bad without sacrificing substance and justice to form."

In State v. New, 22 Minn. 76, the verdict was: "The jury in this case find the defendant, Thomas New, guilty. We also find the value of the property embezzled to be forty dollars." The verdict was held sufficient.

In State v. Eno, 8 Minn. 190 (220), it was said: "Where the jury design to convict the prisoner of the offense with which he is charged, the verdict of 'guilty' is all that is required."

We are of the opinion and hold that the verdict in the instant case was sufficient to warrant the judgment and sentence, and that the writ of habeas corpus should be discharged. It is so ordered.