In re DAHROOGE.

INSANE PERSONS—HABEAS CORPUS—RIGHT TO HAVE SANITY DE-
TERMINED—JURISDICTION—STATUTES.

> On *habeas corpus* proceedings to determine the sanity of
> petitioner's husband, who was confined in the Ionia State
> hospital for the criminal insane, as an insane person,
> a finding by the circuit court for the county of Ionia
> that petitioner's husband was illegally transferred from
> the Kalamazoo State hospital did not oust it of juris-
> diction to determine his sanity, and under the provisions
> of section 1344, 1 Comp. Laws 1915, said question was
> properly before the court and should have been determined,
> after proper inquiry, instead of ordering his return to
> the Kalamazoo State hospital.

Certiorari to Ionia; Davis (Frank D. M.), J.    Sub-
mitted April 15, 1921.    (Docket No. 118.)    Decided
July 19, 1921.

*Habeas corpus* proceedings by Maggie Dahrooge to
obtain the release of George Dahrooge from the Ionia
State hospital.    From an order denying the writ,
plaintiff brings certiorari.    Reversed, and remanded.

*Ellis & Ellis,* for appellant.

*Merlin Wiley,* Attorney General, and *J. E. Converse,*
Assistant Attorney General, for appellee.

SHARPE, J.    On September 8, 1920, Maggie Dah-
rooge, wife of George Dahrooge, presented a petition
to the circuit court for the county of Ionia, alleging in
substance:

1. That George Dahrooge was illegally committed
to the Kalamazoo State hospital as an insane person.
2. That while in such hospital he was, without

authority of law, transferred to the Ionia State hospital for criminal insane, and was then confined therein.

3. That said George Dahrooge was not then insane.

Pursuant to the prayer thereof, a writ of *habeas corpus* was issued, to which the superintendent made return. He attached thereto copies of the order of commitment of Dahrooge to the Kalamazoo State hospital, made by the probate court of Kent county, and of the petition and proceedings relative thereto and of the order of the superintendent at Kalamazoo transferring him to Ionia. He further returned "that the said George Dahrooge is insane."

A hearing was had in the circuit court on September 27, 1920, Dahrooge being present. Assistant Attorney General Converse, who appeared for the superintendent, admitted that the order of transfer was made without authority of law. The court thereupon declined to consider the other questions raised, saying:

"As to other questions raised by counsel for the petitioner as to the right of this court to pass upon the present sanity or insanity of this petitioner, regularity or irregularity and legality or illegality of the papers issued from the Kent county probate court, I think the court has no jurisdiction over the matter of person of this man; it is a matter that must be tested upon application to the circuit court of Kalamazoo county or upon a similar application to the probate court of Kent county upon an application for an order declaring him sane."

His order that Dahrooge be returned to the Kalamazoo State hospital is now before us for review on certiorari.

Section 1344, 1 Comp. Laws 1915 (being section 35 of chapter 50, relative to insane persons and insane hospitals), reads as follows:

"Anyone in custody as an insane person in any asy-

lum, home, or retreat, is entitled to a writ of *habeas corpus,* upon a proper petition to the circuit court of the county in which said asylum, home or retreat is situated, made by him or some friend in his behalf. Upon the return of such writ, the fact of his sanity shall be inquired into and determined. The medical history of the patient, as it appears in the books of the asylum, home or retreat, shall be given in evidence, and the superintendent or medical officer in charge of the institution wherein such person is held in custody, and any other proper person, shall be sworn touching the mental condition of such person."

Dahrooge was in custody in the Ionia State hospital as an insane person at the time the writ of *habeas corpus* was issued. The language of the statute seems clear—"Upon the return of such writ the fact of his sanity shall be inquired into and determined." The petition alleged that he was then sane, and it was the duty of the court to ascertain the fact and, if so found, to discharge him. No other reason need have been alleged. While the petitioner urged that he was illegally transferred from Kalamazoo and the court so found, such finding, not resulting in his discharge, did not oust the court of jurisdiction to determine the question of his sanity. The right to such a determination may be claimed by or on behalf of any person in custody in any such hospital at any time when properly before the court on such a writ.

The authorities relied on by counsel for the superintendent (*Ex parte Gibson,* 31 Cal. 619; *In re Medley,* 134 U. S. 160 [10 Sup. Ct. 384] ; *In re Savage,* 134 U. S. 176 [10 Sup. Ct. 389] ; *In re Bonner,* 151 U. S. 242 [14 Sup. Ct. 323] ), are cases in which the validity of a sentence or commitment in criminal cases was involved. The distinction is apparent. In such cases there had been valid convictions of crime. This is not affected by irregular or even invalid proceedings in the sentence or commitment. These cases go far

to justify the action of the court in declining to discharge Dahrooge on account of his illegal transfer, but do not warrant its refusal to inquire into his sanity as the statute expressly directs him to do.

The order returning him to the Kalamazoo State hospital will be vacated and the court directed to proceed with the hearing as to the sanity of Dahrooge. No costs will be allowed.

FELLOWS, STONE, CLARK, and BIRD, JJ., concurred with SHARPE, J.

WIEST, J. I concur in this opinion. The statute permitting the testing of the sanity of any one in custody as an insane person in any asylum, home or retreat, is a wise provision, intended for the preservation of personal liberty, in accord with the long cherished right of judicial inquiry established at common law and adequately safeguards public interests. This statute meets the humane idea that no man's liberty shall be placed beyond judicial inquiry when reason for restraint is alleged to have come to an end.

If petitioner is insane his restraint can continue and if he is sane he ought to be released. An adjudication of insanity is not, *ex necessitate*, a bar to inquiry by writ of *habeas corpus* as to its continuance. *Com., ex rel. Draper,* v. *Kirkbride,* 3 Brewst. (Pa.) 393.

STEERE, C. J., and MOORE, J., concurred with WIEST, J.