Battle, J.
 

 If there be two distinct counts in a declaration, and the plaintiff offer evidence on one of them, only, and
 
 *370
 
 not on the other, and the Court instructs the jury on both., a general verdict on both will be erroneous, for the manifest reason, that it does not appear that the verdict was not given, in part at least, upon the count on which there was no evidence. But if, in such a case, the Court charge the jury only on the count on which the evidence was given, the general verdict will be taken to have been rendered on that count only, and will not, therefore, be erroneous;
 
 Jones
 
 v.
 
 Cook,
 
 3 Dev. Rep. 112. In the case now before us, there was evidence given, tending to support both counts of the declaration, which prevents the general verdict from being wrong, unless his Honor committed an error in admitting or rejecting testimony, or in his instructions, in relation to one, or both of the counts.
 

 The counsel for the defendants contend that he did err in rejecting the testimony offered by them to prove that it was the custom, in the town of Charlotte, to store cotton bales without covering them, and that the error was not cured by his telling the jury, after the arguments were closed, that they might regard the testimony as having been admitted, and might take it into consideration in making up their verdict. The question then, is, was the testimony admissible, and if it were, was the error, committed by his Honor in rejecting it, corrected by the course -which he pursued afterwards in relation to it.
 

 We are decidedly of opinion that the proof of the usage was admissible, as is abundantly shown by the authorities referred to by the defendants’ counsel. Story on Bailments, 9, 10,
 
 256; Moore
 
 v.
 
 Eason,
 
 11 Ired. Rep. 568. The case of
 
 Winder
 
 v. Blake, 4 Jones’ Rep. 332, cited by the counsel for the plaintiff, is not in opposition to this doctrine. Although no special custom can be recognised as having grown up
 
 in
 
 this country, the effect of which is to supersede the common law, yet a custom or usage relating to the trade or business of a particular place, where a contract is entered into, may be shown, for the purpose of annexing incidents to, and explaining the meaning of terms used in such contract;
 
 Moore
 
 v.
 
 Eason ubi supra; Hutton
 
 v.
 
 Warren,
 
 1 Mees, and Wels. 466.
 

 
 *371
 
 From this it appears, that his Honor erred in rejecting the testimony offered to prove the usage of the town of Charlotte, in relation to the manner of storing cotton bales; and the question remains whether, upon becoming satisfied of his error, he took means, which were effectual for removing it. Upon reflection, and after some hesitation, we are satisfied that he did; and that the defendants have no just cause to complain of the result. The ground upon which the counsel for the defendants contend that the error was not cured, is, that the course pursued by his Honor deprived them of their rights to address an argument to the jury upon the effect of the testimony, whereby a different verdict might possibly have been produced. The reply is, that the counsel did not ask permission to address the jury upon the effect of the testimony, after his Honor liad informed them that they might consider it as being before them. Had such permission been asked, even at that late stage of the trial, we have no reason to suppose that it would have been refused. Another reply is, that it is now settled, that even iu the trial of a capital case, it is not error in a Judge to permit witnesses, who have been previously examined, to be recalled and re-examined, under certain circumstances, after the jury had retired & consider of their verdict;
 
 State
 
 v. Silver, 3 Dev. Rep. 332;
 
 State
 
 v.
 
 Rash,
 
 12 Ire. Rep. 382;
 
 State
 
 v.
 
 Weaver,
 
 13 Ire. Rep. 491;
 
 State
 
 v.
 
 Noblett,
 
 2 Jones’ Rep. 418. In none of those cases does it appear that the counsel for the prisoner addressed the jury after the witnesses had been re-examined; yet, we can plainly see that the exercise of a right to do so, would have been as valuable to them, in those trials, as it was in the case now under consideration.
 

 Upon the whole, there is nothing shown in the errors assigned by the defendants, iu their bill of exceptions, by which we can discover that they were injured. It is stated, that there was testimony introduced by the plaintiff, tending to prove that the defendants had agreed to put the cotton bales under cover; and that, so far as we can see, was fairly submitted to the jury. /So, there was abundant testimony to show
 
 *372
 
 that the defendants, as common bailees, for hire, had not taken the same care of the cotton as a person of ordinary prudence would have done. There is not the slightest doubt that it was their duty, when the cotton bales, owing to the wet season, sank into the mud and water, to have had them taken up and put in a drier place. Eor the neglect to do this, they were responsible as bailees independent of any contract to have the cotton covered over.
 

 Not being able to discover any error of law in relation to either of the counts, the judgment, upon the verdict, must be affirmed.
 

 PeR Ctteiam, Judgment affirmed.