Battle, J.
 

 Though there were three counts in the bill of indictment, the testimony was offered with reference to the^ second only, and therefore the verdict, though general, must be presumed to have been given on that alone. Such would be the case, where there were two counts in a civil action ; as, for instance, in the action of assumpsit, and we do not see why the same rule should not apply to two or more counts in an indictment;
 
 Jones v. Cooke,
 
 3 Dev. Rep. 112;
 
 Morehead
 
 v. Brown, 6 Jones’ Rep. 368.
 

 The only enquiry, then, is, whether his Honor, in the Court below, erred in his charge to the jury in reference to the testimony given on the second count. The counsel for the defendant contends that he did, for, he insists that the testimony
 
 *27
 
 of neither of the two witnesses,
 
 Soles
 
 or Beach, was, alone, sufficient for the conviction of his client, and, that to make a case of guilt, it must appear that both testified to the same transaction, and of that, he insists, there was no evidence. The cases cited by the counsel show, clearly, that nothing is to bo considered evidence, to be left to the jury, tending to prove a fact, which merely raises a conjecture of that fact. We approve of those cases, and feel bound by their authority, but we do not think they apply to the case now before us. The charge of the Judge was not confined to the tendency of the testimony, to show the identity of the transactions spoken of by the two witnesses. Even as to that, there was some evidence, however slight it might be, and his Honor had no right to withdraw it from the consideration of the jury. Each witness stated that there was a negro man — a jug which would hold a quart or more, and that the negro went to the defendant’s house early in the night. So far, there was some correspondence in their testimony, and though it may have fallen lar short of raising a violent presumption of identity, which weigheth much, it was more than that slight presumption, which weigheth not at all. Bnt his Honor went further in his remarks upon the effect of the evidence, and as we understand it, left it to tlie jury to decide whether the testimony of Beach alone, was not sufficient to justify the conviction of the defendant. It was to that testimony, that the illustration of a violent presumption, which he gave, was most applicable; and it seemed to strike the jmy, as it has struck ns, as being very forcible to show the defendant’s guilt. If a negro be seen going to a house in the night, with a jug, and after staying there only ten minutes, returns with liquor in the vessel, we think a jury may very reasonably infer that the liquor was purchased of the owner of the house, and this inference is rendered almost a certainty, when it is shown by other evidence, that the owner had liquor for sale. We think that the verdict was right, and that there is no error in the judgment, which was rendered thereon.
 

 Per Curiam,
 

 .Judgment affirmed.