H. J. GREENLEAF v. NORFOLK SOUTHERN RAILROAD COMPANY.

*New Promise—Statute of Limitations—Contract of Corporation— Verdict—Interest—Practice.*

1. A new promise must be unconditional and in writing, signed by the party, and to pay the amount of the original debt, in order to remove the bar of the statute and revive the contract. THE CODE, § 172. The exception to the judge's charge in this case cannot be sustained.

2. A contract made by an officer of a corporation and ratified by the corporation, becomes the contract of the latter.

3

3. A verdict allowing "interest to date" in a case where the proof is that the principal sum was due in April, 1876, is sufficiently definite as to the time for which the computation is to be made.

4. Suggestions of counsel as to what occurred on the trial will not be regarded. This court is confined to the consideration of the record.

(*Ward* v. *Herrin*, 4 °Jones, 23; *Long* v. *Gantley*, 4 Dev. & Bat., 313; *Brumble* v. *Brown*, 71 N. C., 513; *Whissenhunt* v. *Jones*, 80 N. C., 348, cited and approved.)

CIVIL ACTION, tried at Spring Term, 1884, of PASQUO-TANK Superior Court, before *Gudger, J.*

This action was instituted on the 1st day of June, 1880, to recover the sum of $952.14 claimed to be due the plaintiff from the defendant, upon a liquidated account dated April 18, 1876. It was originally brought against the Elizabeth City and Norfolk railroad company (now the Norfolk Southern). The facts are stated in the opinion here. Judgment for plaintiff; appeal by defendant.

*Messrs. Grandy & Aydlett,* for plaintiff.
*Messrs. Starke & Martin,* for defendant.

SMITH, C. J. This action is prosecuted by the plaintiff assignee of William A. Greenleaf, to recover the balance of an alleged indebtedness due for services rendered as secretary of the defendant company under its former name and organization in the sum of nine hundred and fifty-two dollars and fourteen cents, with interest thereon accrued since April 18th, 1876.

The answer controverts any liability in the premises, and, if any exists, sets up as a defense thereto the lapse of time as a bar to the action. Several issues were submitted to the jury and passed on, of which it is only necessary to consider two as bearing upon the subject matter of the defendant's appeal.

1. Is the defendant company indebted to the plaintiff, and, if so, in what sum ?   The jury answer : Yes, about nine hundred and fifty-two dollars and fourteen cents, with interest to date.

4. Is the plaintiff's claim barred by the statute of limitations ?   The jury answer : It is not.

Upon the trial the defendant's counsel requested the court to give these instructions to the jury :

1. In order to remove the bar of the statute of limitations the new promise must be in writing, and must be unconditional, and if the jury believe from the evidence that the new promise alleged by the plaintiff to have been made by the defendant was not in writing, or was to pay a less amount than the original debt, or in some modified form, then the plaintiff is not entitled to recover.

The court gave the charge, adding : But if the promise was in writing and to pay the full amount, it removes the bar of the statute.   To this the defendant excepted.

2. It is not within the ordinary scope of the power and authority of a secretary of a railroad corporation to make contracts binding such corporation, and unless from the evidence the jury believe that the secretary of the defendant company was expressly authorized by a regular vote of the board of directors of the company to make the written contract, which plaintiff alleges to have been made, the defendant is not bound by the contract, and the plaintiff cannot recover in this action.

The instruction was given with the omission of the concluding words, " and the plaintiff cannot recover in this action," in place of which were substituted the following : " But if such contract, if made by the secretary, was afterwards ratified by the company, it is a contract binding upon it."   The defendant again excepts.

The first exception cannot be sustained unless the substituted sentence so changes the meaning of the instruction

as to make it erroneous in law. This is not the effect, for it leaves in full force every substantial element in the charge given in the very form asked, and is but the counterpart of the proposition. The instruction is that the promise, to be operative, must be in writing—unconditional, and not to pay a sum less than the original debt. These conditions must unite in order to remove the statutory bar. The subjoined qualification is, that, if it be in writing and to pay the whole debt, it must revive the contract and displace the obstruction in the way of recovery. Taken in its entirety, the charge leaves in full force what had been before said, that the promise must be in writing, extend to the whole debt; and not be in "a modified form," by which last expression is meant that the promise must be to pay in money, and not in something else of value, or in other words the reviving promise must be commensurate with the original promise.

The argument for the appellant was pressed with much earnestness that an important feature in the "promise or acknowledgment" required by the statute to give it effect is omitted, in that, it must be "*signed* by the party to be charged," and that this is error. C. C. P. § 51.

The charge, as requested and as given, evidently assumes the presence of the necessary signature and the formal execution, otherwise it would not be the defendant's contract, and is directed to a description of the essential substance of the contract and its efficiency when properly entered into. No distinction between a contract, signed by the debtor himself and one executed on his behalf by an authorized agent, is adverted to or assignment of error found in the record for this omission, and surely the appellant cannot complain that the instruction, prepared by its counsel and given in very words by the court, is erroneous for such now alleged defect. How can we take notice of the kind of signature in the absence of any statement in the record, and

no objection to the contract is made based upon the supposed fact? Our appellate jurisdiction is limited to errors assigned in the rulings of the court below, and in the charge of the judge, for only such are understood to be intended for revision and the statements of the record directed to their elucidation.

Our only inquiry is as to the correctness of the direction upon the features of the contract to which the attention of the judge is called, not to others wholly outside, and in this the ruling is not obnoxious to objection.

2. The exception to the second charge as modified is equally untenable.

It obviously refers to the original contract and declares how an agreement entered into by an officer of the company, such as is described, without previous authority, may become the agreement of the company. No fault can be imputed to this statement of the law. It may, by subsequent adoption or ratification, become as effectual and binding as if the person acting in its behalf had been invested with power to bind the principal; and the more especially does this principle apply to an officer of the company engaged in the discharge of his duties, upon the maxim, *ratihibitio retro trahitur et mandato æquiparatur.*

The court is not defining the promise which in law is necessary to revive a pre-existing liability, lost or incapable of being enforced in consequence of delay, but such promise as will in the first instance impose an obligation upon a principal party, and the instruction to this effect requested. Had it been refused, it would then become necessary to send up in the transcript all the evidence heard bearing upon the issues, in order to our reviewing the ruling and passing upon its correctness. If there were none such as would warrant the finding, the jury ought to have been so directed and there would be error in the refusal to so charge. As it is not seen from the record that any such request was

preferred, the appellant cannot be heard here to complain that the jury were not instructed in this particular. The practice in this court has been uniform not to entertain such an exception here taken for the first time, and to consider the case as stated to present only the exceptions made in the court below.

We cannot know how much evidence was offered not contained in the statement on appeal. *Ward* v. *Herrin*, 4 Jones, 23; *Long* v. *Gantley*, 4 Dev. & Bat., 313; *Brumble* v. *Brown*, 71 N. C., 513; *Whissenhunt* v. *Jones*, 80 N. C., 348, and numerous other cases.

Of the three grounds assigned in support of the motion to set aside the verdict and grant a new trial, the first two, to-wit: for misdirection and because the verdict is "contrary to law and evidence" have already been disposed of and need no further comment. The last only remains to be considered, and that is, that interest is adjudged from a period not fixed in the verdict and therefore not authorized by the indefinite finding of "interest to date."

It was in proof that the principal sum demanded, if recoverable, was due in April, 1876, and the court charged that interest was to be allowed, if the plaintiff was entitled to recover his debt, from that date. The verdict must be understood in connection with the charge, and when it allows "interest to date" it must be taken to intend it, in conformity with the instruction, and thus the time for which the computation is to be made is rendered definite and certain. Nor was any complaint made as to this direction until after the rendition of the verdict.

That interest was recoverable is manifest from the very words of the statute, nor is the contrary asserted in the argument here.

We cannot listen to suggestions as to what transpired in the court when the trial took place, nor the manner in which the case on appeal has been prepared. We are confined to

the examination of the record sent up, and can only pass upon errors therein appearing, assuming that it is made out only to present such for an appellate revision. This is a necessary rule, and, as cases are to be made out by the appellant, and the intervention of the judge only required when exceptions are taken by the appellee, and then to pass upon and adjust the differences, leaving untouched such as are concurred in by both parties, it is obvious, when the practice is observed, there can be little cause of complaint, or if so it does not admit of correction here. The judge who tries the cause is better prepared to decide upon disputed matters, occurring under his own observation, and to him the law confides the power and imposes the duty of settling them.

There is no error and the judgment must be affirmed.

No error.                                              Affirmed.