THE STATE v. CHARLES E. CROSS and SAMUEL C. WHITE.

*Forgery—Indictment—Several Counts—Verdict.*

1. Where there are two or more counts in an indictment charging offences of the same grade and punishable alike, a general verdict of guilty will be sustained.

2. Where, upon the trial of an indictment for forgery containing several counts, the jury was polled and stated that they had agreed upon a verdict of guilty as to the first and second counts, but had not agreed upon the others, and a *nol. pros.* having been entered as to the latter, returned a verdict of guilty: *Held,* that this constituted a distinct and separate verdict of guilty upon each of the two first counts.

This was a MOTION made in this Court in arrest of judgment. The matters upon which the motion was based are stated in the opinion.

The case has heretofore been fully reported in 101 N. C., 770, and 132 U. S., 131.

*Attorney General,* for the State.
*Messrs. T. C. Fuller* and *W. R. Henry,* for defendants.

CLARK, J.: This cause was tried at July Term, 1888, of WAKE Superior Court. On appeal to this Court, the judgment of the Superior Court was affirmed at Fall Term, 1888. Thereafter, a writ of error was sued out from the Supreme Court of the United States. That Court having held that there was no error, the defendants now move for the first time in arrest of judgment. They assign as ground of their motion, that the first count was for forgery, a statutory offence, and that the second count was at common law for uttering forged paper. There having been a general verdict on an indictment containing two counts, charging offences not punishable alike, they contend that no judg-

ment could have been properly pronounced, and rely on *State* v. *Johnson,* 75 N. C., 123, and *State* v. *Goings,* 98 N. C., 766.

Where there are two or more counts in an indictment charging offences of the same grade and punishable alike, if a general verdict of guilty is rendered it will be sustained. In *State* v. *Williams,* 9 Ired., 140, it is said : " The jury should be satisfied that the prisoner was guilty in one of the modes well charged; and if so, it is manifestly of no consequence whether the conviction was on any one or all of these counts, since the offences were of the same grade and the punishment the same. The instruction might relieve the jury of some trouble in their investigation, but could work no prejudice to the prisoner." This is quoted with approbation in *State* v. *Johnson,* 75 N. C., 123, and in numerous other cases the same rule is laid down. *State* v. *Morrison,* 2 Ired., 9 ; *State* v. *Miller,* 7 Ired., 275; *State* v. *Long,* 7 Jones, 24; *State* v. *Stroud,* 95 N. C., 626 ; *State* v. *Smiley,* 101 N. C., 709 ; *State* v. *Allen,* 103 N. C., 433, and there are many others. The principle is as stated in *State* v. *Williams, supra,* that " it is of no consequence whether the conviction is on one or all the counts," since the verdict, if imputed to any one count, will justify the sentence and judgment pronounced.

In *State* v. *Johnson, supra,* the Court made an exception to this principle, where the offences charged in the several counts were of various grades, and punishable differently, upon the ground that it not being apparent upon which count the jury found the defendant guilty, it could not be seen that the verdict warranted the judgment. This decision is opposed to the rule which universally obtains in other States, that even in such cases the judgment will be sustained, and the punishment should be that appropriate to the highest grade. *Crowley* v. *Commonwealth,* 11 Metc., 575; *State* v. *Hood,* 51 Me., 363; Wharton's Cr. Pl. and Pr., §§ 292, 737 and 911, and cases there cited ; *Hawker* v. *People,*

75 N. Y., 485. However, *State* v. *Johnson* has been, in this State, followed in *State* v. *Goings*, 98 N. C., 766. There might be force, therefore, in defendant's proposition if it had any application to the facts of this case.

Instead of the jury returning a verdict of guilty generally, without specifying upon which count or counts, they were polled and rendered a verdict of guilty as to the first and second counts, and two of the jurors responding not guilty as to the third and fourth counts, a *nol. pros.* was entered as to them.

Thus there are two verdicts of guilty rendered distinctly and unmistakably by the jury: one finding defendants guilty of forgery on the first count, and the other finding them guilty of uttering forged paper upon the second count. The verdict upon the first count supports the judgment imposed. The second verdict may be treated as surplusage.

Very interesting questions were raised in the argument as to the effect of the writ of error in suspending the action of this Court, and whether the present motion could be entertained, after the final judgment rendered in this Court at the Fall Term, 1888. We are not to be considered as deciding those questions in favor of the defendants, as in the view we have taken it is unnecessary to pass upon them.

Motion in arrest denied.