A. H. MOTLEY *et al.* v. SOUTHERN FINISHING AND WAREHOUSE COMPANY.

(Decided April 10, 1900.)

*Bailor—Bailee—Defective Structure of Warehouse—Improper Storage—Want of Ordinary Care—Injury Resulting—Damages—Partial Payment—Ignorance and Want of Experience of Bailee Known to Bailor.*

1. Where it was known to bailor at time of storage that the bailee knew nothing about tobacco, and had no experience in handling it, the bailee will not be held liable for injury resulting from want of skill and experience; but will be bound to use such ordinary care as a prudent man would exercise to guard against moisture in the structure of the warehouse and the location of the tobacco.

2. The receipt of part of the damage will not exclude the recovery of the balance, in the absence of any such agreement.

MOTLEY v. FINISHING CO.

CIVIL ACTION for damages to 73 hogsheads of tobacco, resulting from negligence in storing the tobacco in an unsuitable place, tried before *Timberlake, J.,* at May Special Term, 1899, of GUILFORD Superior Court.

The case has been heretofore tried and reported in 122 N. C., 347, and 124 N. C., 232.

The plaintiff offered evidence tending to prove that their tobacco had become mouldy and damaged by reason of dampness through open spaces in the floor and walls, and from improper storage. The defendants introduced controverting evidence.

The plaintiffs had been informed by the defendants that they had no experience in handling tobacco, and had no knowledge of it.

His Honor in his charge confined the jury to the consideration of the evidence relating to negligence, and told them if the damage resulted from any other cause, the defendant would not be liable for it.

The defendant requested his Honor to instruct the jury to direct their attention only to the damage to the tobacco sold on the warehouse floor, and not to the tobacco retained. His Honor declined to give this instruction. Defendant excepted.

Verdict and judgment for plaintiff. Appeal by defendant.

*Messrs. R. R. King, C. M. Stedman,* and *Adams & Douglas,* for appellant.

*Messrs. Bynum & Bynum,* and *A. M. Scales,* for appellee.

FAIRCLOTH, C. J. On October 16, 1894, the plaintiff stored his tobacco in defendant's warehouse, and when he withdrew his tobacco in June, 1895, it was damaged, for which this action is instituted. These facts established the relation of bailor and bailee for the benefit of both parties.

The plaintiff introduced evidence tending to show that his tobacco was in good condition in dry hogsheads, when stored; that the defendant's warehouse was unsuited for such storage; that the walls were damp; that the floor was one or two feet above the ground; that it was laid with open spaces, one and one-half inches wide between the planks, over which the tobacco was laid without skids to support it, and too near the walls; that dampness came through the walls and floor; that this defective structure of the warehouse wanting in ventilation and the defendant's inattention and negligence caused the damage complained of to his tobacco.

The defendant, denying negligence, introduced evidence tending to disprove these alleged conditions in the structure of the warehouse, dampness, etc. The jury returned a verdict in favor of the plaintiff.

It was proved and not denied that defendant knew nothing about tobacco, and had no experience in handling tobacco, and that this fact was known to the plaintiff when he stored it with the defendant.

The third issue submitted is: "Was the tobacco of A. H. Motley Co., injured by the negligence of the defendant?" His Honor submitted the contention and evidence of each party to the jury, calling their attention to the particular matters complained of, and instructed them that they must be satisfied by the greater weight of evidence on two questions, otherwise, they should answer the third issue, "No:"

1. That the defendant was negligent as before explained, and

2. That the tobacco was injured as a result of it.

He directed the jury to consider from the evidence the structure of the warehouse, the location of the tobacco therein, and told them that the defendant was bound to use such ordinary care as a prudent man would exercise, and that if

the damage resulted from any other cause, the defendant would not be liable for it.

The defendant excepted because this special prayer was not given, to-wit: "If the defendant was known to plaintiff not to possess skill or knowledge in the care and storage of tobacco, and made no pretension to skill or knowledge in its care and storage, the defendant is bound only for a reasonable exercise of the skill it possessed or of the judgment which it can employ, and if any loss resulted or ensued from its want of due skill, it is not chargeable." We fail to see the importance of this prayer, when it is conceded that the defendant is without skill, and his Honor does not allow the jury to charge him with damage on that ground. Taking the facts to be as the jury have found, there is no occasion to consider skill or experience. It requires no skill to discover that damp air will come up through a hole in the floor. That is common knowledge, and any prudent man will guard against damage from such cause, which is no more than ordinary care.

The special prayers number 5 and 6, could not be given, as there is no evidence nor authority to authorize them. The receipt of a part of the damage will not exclude the recovery of the balance in the absence of any such agreement.

His Honor's charge to the jury limits the recovery to damages for failing to exercise ordinary care, and thereby excludes damage for the want of skill and experience on the part of the defendant.

In *Morehead v. Brown,* 51 N. C., 367, a similar question arose on the question of ordinary care. The plaintiff stored cotton bales in the open yard of the defendant, and they were laid on poles on the ground. A wet season prevailed and softened the ground so that the poles and bales partially settled in the mud, and the cotton was injured. The Court said:

"There is not the slightest doubt that it was their duty * * * to have had them taken up and put in a drier place. For the neglect to do this, they were responsible as bailees."

The defendant's authorities apply to cases requiring skill, but they miss the mark in this case. We find no error below.

Affirmed.