## STATE v. GREGORY.

(Filed 7 December, 1910.)

**Indictment—Counts—Receiving Stolen Goods—Conviction—Verdict Sufficient—Intendment.**

The verdict of a jury should have a reasonable intendment and receive a reasonable construction; and when an indictment charged the defendant with larceny and receiving stolen goods the property of H., he was tried for receiving the goods knowing them to be stolen, and the evidence tended to show that they were stolen by D. and received by the defendant with guilty knowledge, and to this count of receiving the evidence and charge of the court were alone directed; the record stating that the judge correctly charged "upon all phases of the evidence," the conclusion is indisputable that the jury intended to convict the defendant of the crime alleged in the indictment and for which he was tried, in rendering the verdict, "We find the defendant guilty of receiving goods, knowing them to be stolen," and it is sufficient for conviction. *State v. Whitaker*, 89 N. C., 473; *State v. Parker*, 152 N. C., 790, cited and distinguished.

APPEAL from *Webb, J.,* at the March Term, 1910, of HENDERSON.

The facts are sufficiently stated in the opinion of *Mr. Justice Walker.*

*Attorney-General Bickett, Geo. L. Jones* and *Michael Schenck* for the State.

*Chas. F. Toms, Staton & Rector* and *H. G. Ewart* for defendant.

WALKER, J. The defendant was indicted in the court below for larceny and receiving stolen goods, the property of the Henderson Wholesale Grocery Company. He was tried for receiving the goods knowing them to be stolen. The evidence tended to show that the goods had been stolen by Dave Harris and received by the defendant with the guilty knowledge. The evidence and charge of the court were all directed to the particular crime alleged in the second count, that is, the one for receiving. There was no evidence of any other crime having been committed by the defendant, and as it is stated that the court

fully informed the jury as to the law "upon all phases of the evidence," we must assume the judge gave proper instructions and told the jury that, unless they found beyond a reasonable doubt the defendant had received the goods described in the indictment, knowing them to have been stolen, they should acquit him, and they could convict only if they found that he was guilty as charged in the count for receiving. This charge, of course, confined the jury, in the consideration of the case, to the single question whether the defendant was guilty of the offense, in manner and form, as alleged in the second count of the indictment. The jury returned the following verdict: "We find the defendant guilty of receiving goods, knowing them to be stolen." The defendant moved for a new trial because the verdict is defective, in that it is not found to whom the goods belonged, nor does the verdict show that the defendant has been convicted of the crime alleged in the indictment. He also moved to arrest the judgment. The court refused both motions, and from the judgment upon the verdict, the defendant appealed.

It is contended that the jury may have convicted the defendant of receiving stolen goods other than those described in the bill. The verdict should be read in connection with the issue being tried, the evidence and the charge of the Court. *Greenleaf v. R. R.,* 91 N. C., 33. This is so in a civil action and we do not see why the same rule should not apply to an indictment. *S. v. Long,* 52 N. C., 24. We have frequently held that where there are several counts in a bill and a general verdict is rendered without specifying the count upon which it is given, we can look to the evidence and to the charge, and if it is found from them that the trial related to only one of the counts, the verdict will be restricted to that count. *S. v. Long, supra; Morehead v. Brown,* 51 N. C., 367; *S. v. Leak,* 80 N. C., 403; *S. v. Thompson,* 95 N. C., 596; *S. v. Gilchrist,* 113 N. C., 673; *S. v. McKay,* 150 N. C., 816. The verdict is to have a reasonable intendment and should receive a reasonable construction. It should not be avoided except from necessity. Clark Cr. Prac., 486, and cases cited. Why should we infer that the jury intended to convict the defendant of an offense which was not stated in the bill and of which there was no evidence? Is it

not more reasonable and sensible to conclude that they obeyed the judge's instructions' and considered only the evidence in the case? In *S. v. May,* 132 N. C., 1020, it is said by *Douglas, J.,* that "when an indictment contains two counts, but the evidence, instructions of the court and the argument of counsel refer to one of the counts only, it will be presumed that the verdict followed the trial and related to such count." If the presumption was permissible in that case, it would seem to apply as well to the facts of this case. In *Hoback's case,* 69 Va., 922, the defendant was found guilty of "unlawfully shooting with intent to maim," without stating the name of the person upon whom it was alleged in the bill the assault had been committed. The court, after saying that the verdict must always be read in connection with the indictment, and if it appear, upon reading them together, what is meant by the verdict, it is sufficiently certain, as it refers to or adopts the indictment, either expressly or by clear implication, concludes with these words: "Can we place upon the verdict so unreasonable a construction as to make it doubtful whether the jury intended to find that Brown Seagle was the person shot, or that no person was in fact shot?" In *Guenter v. People,* 24 N. Y., 100, the bill contained counts for larceny and embezzlement, and the verdict was "guilty of embezzlement." The defendant contended that the verdict was void for uncertainty, because it did not find the defendant guilty of the embezzlement charged in the indictment, but the court replied: "The verdict is not void for uncertainty. It finds the prisoner guilty of an offense charged in the indictment, and means that offense as charged therein. Its effect is the same as would be a verdict of guilty under a single count. The words 'of embezzlement' were added to designate to which offense they intended the verdict to apply." *S. v. Wilson,* 40 La. Ann., 751. In *S. v. Kinsauls,* 126 N. C., 1095, the defendant was indicted for murder of the person named in the bill and the jury found him "guilty of the felony of murder in the first degree." The judge, the next day after the verdict, added thereto the following words: "In the manner and form as charged in the indictment." The court held the verdict, as returned by the jury and without the added words, to be sufficient and that the amend-

ment of the judge was merely formal and not prejudicial to the defendant. We cannot avoid the conclusion that the jury intended to convict the defendant of the crime alleged in the indictment and for which he was tried. *S. v. Whitaker,* 89 N. C., 472, and *S. v. Parker,* 152 N. C., 790, cited by the defendant's counsel in their brief, are not in point. In both cases, the jury found the defendant guilty of the commission of an act which was not criminal. The defendant may have committed the act and yet not have been guilty of the crime alleged in the indictment. An essential element of the crime was omitted by the verdict, in the one case, the "guilty knowledge," and in the other the "concealment of the weapon."

We find no error in the record.

No error.