STATE v. SEBORN STRANGE.

(Filed 12 April, 1922.)

**1. Criminal Law—Judgments—Condition of Good Behavior—Rearrest.**

Where the trial judge ascertains that the defendant in a criminal action has violated the condition of good behavior, upon which judgment had been rendered against him at a prior term of court, and orders him into custody under the judgment previously rendered, it is not objectionable as pronouncing judgment in that case, but is in conformity with our decisions.

**2. Criminal Law — Indictment — Counts—General Verdict—Evidence—Presumptions.**

Where there is evidence to sustain a conviction on one or several counts of an indictment, a general verdict will be presumed to have been returned on the count or counts to which the evidence applies.

APPEAL by defendant from *Long, J.,* at October Term, 1921, of SURRY.

The defendant was prosecuted on an indictment containing four counts, charging him (1) with the unlawful sale of liquor; (2) with having liquor in his possession for the purpose of sale; (3) with unlawfully receiving liquor; and (4) with the unlawful transportation. His Honor instructed the jury upon the evidence relating to the second, third, and fourth counts. There was a general verdict of guilty.

The defendant, at a previous term, had pleaded guilty of unlawfully receiving liquor, and judgment had been suspended upon payment of costs, the defendant having given bond to appear at each criminal term for two years and show his good behavior, in default of which a capias was to issue and the defendant was to be worked on the roads for twelve months. This case is No. 40. At the October Term, 1922, he was convicted of retailing in No. 46, and in No. 21 there was a verdict of guilty as above stated. In No. 40 his Honor found that the defendant had not been of good behavior, and ordered him into the custody of the sheriff under the sentence pronounced at the former term to the end that the sentence should be executed. In No. 46 the defendant was sentenced to twelve months on the roads, the service to begin at the expiration of the sentence in No. 40; and in No. 21 the prayer for judgment was continued.

The defendant excepted and appealed.

*Attorney-General Manning and Assistant Attorney-General Nash for the State.*

*J. H. Folger for defendant.*

ADAMS, J. The defendant assigns as error "his Honor's pronouncing judgment" in the case in which the defendant had pleaded guilty at a

previous term. But the record shows that his Honor, instead of pro-
nouncing judgment, ordered the defendant into custody under the judg-
ment previously rendered, upon finding that he had not complied with
its terms. This procedure is sustained by the decisions of this Court.
*S. v. Everitt,* 164 N. C., 399; *S. v. Greer,* 173 N. C., 759; *S. v. Hoggard,*
180 N. C., 678.

The defendant contends, in the second place, that there was no suffi-
cient evidence to support his Honor's instruction as to the unlawful trans-
portation of the liquor. If this should be granted, still in support of two
other counts there was ample evidence, and the jury returned a general
verdict. Where there are several counts in an indictment, and there is
evidence relating only to one, a general verdict will be presumed to have
been returned on the count to which the evidence applies. *S. v. Long,*
52 N. C., 24; *S. v. Cross,* 106 N. C., 650; *S. v. Toole, ibid.,* 736; *S. v.
Gilchrist,* 113 N. C., 673; *S. v. May,* 132 N. C., 1021; *S. v. Gregory,*
153 N. C., 646.

We find no error, and this will be certified.

No error.