CLARK, C. J., dissenting. *Page 782 
(744)
Criminal action for a violation of the prohibition law. The indictment contains three counts. In the first the defendant is charged with having liquor in his possession for the purpose of sale; in the second, with receiving at a point within the State at one time spirituous liquor in a quantity greater than one quart; and in the third, with (745) receiving at a point within the State in one package spirituous liquor in a quantity greater than one quart.
Will Beach, a witness for the State, testified that he, the defendant, and two other men were traveling in an automobile which broke down, and that he and the defendant went into the woods to get some blocks to put under the car in order to prize it up for repairs; that while they were in the woods the defendant raked off some leaves and took out of the ground a half-gallon fruit jar containing about three pints of whiskey; that when the sheriff came up, the witness had the whiskey in his possession; and that he had pleaded guilty to a breach of the statute at the November term. On cross-examination he testified that he was not certain who took the whiskey out of the ground, but on the redirect examination he said that the defendant walked straight to the whiskey and found it, and that his best impression was the defendant took it from the ground and delivered it to the witness.
The judge charged the jury if they were satisfied from the evidence beyond a reasonable doubt that the defendant unlawfully and willfully got more than a quart of whiskey at one time in one package and took it into his possession he would be guilty.
For their verdict the jury said: We find the defendant guilty of receiving more than one quart of whiskey in fifteen days. Judgment was pronounced, and the defendant appealed.
It is necessary to consider the case with reference to the second and third counts only, for as to the first there was no instruction by the court, and presumably no consideration, and certainly no verdict by the jury.
The defendant first moved to dismiss the action on the ground that the evidence, if accepted, did not show that he had received any whiskey within the meaning of the statute — that finding a thing and taking it into one's possession is not synonymous with receiving it. We are *Page 783 
therefore required to construe the statute (C.S. 3385), and in construing it to ascertain the object intended to be accomplished and to enforce the intention of the Legislature by applying the spirit or reason rather than the letter of the law, 36 Cyc. 1106. An examination of the phraseology of the statute and of the history of legislation relating to prohibition convinces us that the purpose of the law is to prevent any person from acquiring or taking into his possession within the State at any one time or in any one package spirituous or vinous liquors or intoxicating bitters in a quantity greater than one quart, or malt (746) liquors in a quantity greater than five gallons, and that in the accomplishment of this purpose the General Assembly did not intend to indulge in nice distinctions or to restrict the meaning of the word "receive" to the narrow compass of "accepting from another."
The evidence is easily susceptible of the interpretation that some other person had concealed the liquor for the benefit of the defendant, who no doubt with knowledge of the exact spot "walked straight to it" and took the vessel from the ground. When the defendant thus acquired or took the liquor into his possession he received it in the sense in which the word "receive" is used in the statute. Knipe v. Austin, 43 P. 25; Baker v. Keiser, 23 A. 735; Early v. Friend, 78 Am. Dec. 649; West v. Weyer, 15 A.S.R. 552.
The next question is more serious. When the verdict was returned the defendant moved to set it aside and excepted to the adverse ruling of the court; and when judgment was pronounced the defendant again excepted.
With respect to the verdict of a jury in a civil or criminal action, the following principles are generally recognized and applied:
1. A verdict must be certain and responsive to the issue or issues submitted by the court. Clark's Cr. Pro. 480 et seq.; Bishop's Cr. Pro. 867; 16 C.J. 1103; S. v. Whitaker, 89 N.C. 472; S. v. Whisenant,149 N.C. 515; S. v. Parker, 152 N.C. 791; S. v. Lemons,182 N.C. 828.
2. While a change merely as to form is not fatal, the court cannot amend or change a verdict in any matter of substance without the consent of the jury, and cannot do so with their consent after the verdict has been finally accepted and recorded; but if a verdict is responsive to the issue or issues submitted, and is otherwise sufficient, additional words which are not a part of the legal verdict may be treated as surplusage; as, for example, a verdict of guilty with a recommendation of mercy. Clark's Cr. Pro., supra; S. v. Hudson, 74 N.C. 246; S. v. Whitaker, supra; S. v.Kinsauls, 126 N.C. 1095; S. v. Godwin, 138 N.C. 583; S. v. Whisenant,supra; S. v. McKay, 150 N.C. 816; S. v. Hancock, 151 N.C. 699; S. v.Parker, 152 N.C. 790; S. v. Murphy, 157 N.C. 615.
3. Where the indictment contains several counts and the evidence applies to one or more, but not to all, a general verdict will be presumed *Page 784 
to have been returned on the count or counts to which the evidence relates. Morehead v. Brown, 51 N.C. 369; S. v. Long, 52 N.C. 26; S. v.Leak, 80 N.C. 404; S. v. Thompson, 95 N.C. 597; S. v. Stroud, ibid. 627;S. v. Cross, 106 N.C. 650; S. v. Toole, ibid. 736; S. v. Gilchrist,113 N.C. 673; S. v. May, 132 N.C. 1021; S. v. Gregory, 153 N.C. 646; S. v. Poythress 174 N.C. 813; S. v. Strange, 183 N.C. 775. (747) Where the indictment contains several counts, and there is a verdict of guilty as to some but no verdict as to the others, the failure to return a verdict as to the latter is equivalent to a verdict of not guilty. S. v. Thompson, supra; S. v. Cross, supra.
5. If a verdict as returned is not complete, but is ambiguous in its terms, the ambiguity may sometimes be explained and the verdict construed by reference to and in connection with the evidence and the charge of the court. Greenleaf v. R. R., 91 N.C. 33; S. v. Gilchrist, 113 N.C. 676; S.v. Gregory, 153 N.C. 648; Richardson v. Edwards, 156 N.C. 590; Donnell v.Greensboro, 164 N.C. 331; Bank v. Wilson, 168 N.C. 557; Reynolds v.Express Co., 172 N.C. 487; Price v. R. R., 173 N.C. 397; Grove v. Baker,174 N.C. 747; Wilson v. Jones, 176 N.C. 207; Jones v. R. R., ibid. 260;Balcum v. Johnson, 177 N.C. 218; Howell v. Pate, 181 N.C. 117.
The statutes upon which the second and third counts are based makes it unlawful for any person to receive at any one time or in any one package within the State any of the liquors described in a quantity greater than one quart. There is another statute (C.S. 3386) which makes it unlawful for any person during the space of fifteen consecutive days to receive such liquors in a quantity or quantities totaling more than one quart. The difference between the two statutes is readily observable. In a prosecution upon the first it must be shown that the liquor was received at one time or in one package; in a prosecution upon the second it must appear that during the space of fifteen consecutive days liquor was received in a quantity or quantities totaling more than one quart. And the verdict must respond to the charge. It will also be observed that the statute last referred to is not included in either count, and is not referred to in the indictment; but the jury, instead of considering the issues raised by the second and third counts and submitted in his Honor's charge disregarded the charge and the issues and convicted the defendant of receiving more than one quart of whiskey in fifteen days — a crime with which he was not charged, and concerning which his Honor gave the jury no instruction. The verdict is not responsive to the issue joined on either of the counts because there is no finding that the liquor was received at any one time or in any one package; and it cannot be amended or changed or construed by reference to the evidence and the charge because it is not ambiguous, but is clear and complete. *Page 785 
It was accepted and recorded as it was returned, and it shows unequivocally that the jury did not convict the defendant of any offense with which he was charged or for which he was prosecuted. If the defendant should again be prosecuted on the second and third counts, his plea of former conviction could not be upheld on the verdict as it now appears. It must be understood that the question is not whether (748) the evidence is sufficient to sustain the counts in the bill or to show the receipt of more than one quart of liquor in fifteen consecutive days; the paramount question is whether a man who is prosecuted for one crime can lawfully be convicted of another. There can be only one answer. To punish him for a crime of which he is not convicted would be to run broadside against the Constitution, and, in effect, to abrogate the law laid down in a large number of decisions. The Constitution provides that in all criminal prosecutions every man has the right to be informed of the accusation against him, and that no person shall be put to answer any criminal charge, . . . but by indictment, presentment, or impeachment. Art. 1, secs. 11, 12. "These principles," said Chief Justice Nash, "are dear to every free man; they are his shield and buckler against wrong and oppression, and lie at the foundation of civil liberty; they are declared to be the rights of the citizens of North Carolina and ought to be vigilantly guarded." S. v. Moss, 47 N.C. 67. And it is hardly conceivable that Chief Justice Ruffin, by commending a statute which merely simplified the form of indictments, intended to disregard this fundamental doctrine and to "drive a coach and six" through the organic law. S. v. Simons, 68 N.C. 378; S. v. Ray, 92 N.C. 810; S. v. Lewis,93 N.C. 581; S. v. Cline, 150 N.C. 854; S. v. Whedbee, 152 N.C. 770;S. v. Wilkerson, 164 N.C. 432.
It is suggested, however, that a defect in the verdict was not presented on the oral argument, and does not appear in the brief, and that exceptions in the record not set out in the appellant's brief will be treated as abandoned. But, as we have stated, the record discloses the defendant's exception to the verdict, his exception to the court's refusal to set aside the verdict, and his exception to the judgment. As to the verdict and judgment, what other exception could have fortified his position? And in his brief the third exception, with an array of authorities, is addressed entirely to the insufficiency of the verdict.
A casual comparison with the instant case of S. v. Brame, ante 631, will reveal the distinction between the verdicts rendered in the two cases; and certainly the appellant's misinformation or misconception of the verdict inBrame's case, supra, could by no means modify its legal significance. There the jury found the defendant guilty of a breach of the statute upon which he was prosecuted, and the ambiguity in the verdict was explained by reference to the record or the charge, and the evidence *Page 786 
in conformity with the principle hereinbefore stated; and in the case at bar the verdict is complete, but is not responsive to the bill of indictment.
The verdict returned in this case, and the form of other verdicts recently reviewed on appeal, impel us to direct attention to what the Court has said in S. v. Godwin, 138 N.C. 585: "Before a verdict (749) returned into open court by a jury is complete, it must be accepted by the court for record. It is the duty of the judge to look after the form and substance of a verdict so as to prevent a doubtful or insufficient finding from passing into the records of the court. For that purpose the court can, at any time while the jury are before it or under its control, see that the jury amend their verdict in form so as to meet the requirements of the law. When a jury returns an informal, insensible, or a repugnant verdict, or one that is not responsive to the issues submitted, they may be directed by the court to retire and reconsider the matter and bring in a proper verdict, i. e., one in proper form. But it is especially incumbent upon the judge not even to suggest the alteration of a verdict in substance, and in such matters he should act with great caution."
We are sure that the form of the verdict returned in the present case, in an inadvertent moment, no doubt, escaped the attention of the vigilant and painstaking judge who presided at the trial.
The judgment and verdict are set aside to the end that the issues joined between the State and the defendant may be determined by another jury.
New trial.